Spencer, Ch. J.
The single question in this case is, whether Smith had such an interest in the land contracted for with Birdsall, and which the latter had contracted for with Atkinson, as was liable to be sold on execution, or as was bound by the judgment in favor of Harison 1 If he had not, then there is an end of all the other points raised by the appellant; for his right to relief depends entirely upon the legal effect of Harison s judgment on the interest which Smith had in these lands. It is well settled, that a mere chose in action cannot be levied on and sold by execution. (4 Johns. Rep. 96. 9 Johns. Rep. 42.)
#It is true, that since the statute of 27 Hen. 8. ch. 10. the cestui que use is the real owner of the estate, and his interest is bound by a judgment, and may be sold on execution ; and our statute concerning uses, (1 N. R. L. 72. 1 Rev. Stat. 727. ⅝ 47.) contains the provisions of the British statutes of 19 Ih n. 7. ch. 15. 27 Hen. 8. ch. 10. and 29 Car. 2. ch. 3. sec. 10. But it is insisted, that the fourth section of our statute concerning uses, authorizes the sale which took place under Harison’s judgment and execution, and that the appellant, as the purchaser, became vested with all the rights of Smith as a cestui que trust in the lands articled for with Atkinson.
This section provides, “ that the sheriff, upon any writ or precept upon any judgment, may do, make, and deliver execution unto the party suing, of all such lands, Ac., as any other person is seized or possessed, to the use, or in trust for him, against whom execution is so sued, like as the sheriff' might if the party against whom execution shall be so sued had been seised of such lands, of such estate ás he is seised of, in the use or trust at the time of the execution sued; and such lands, by force and virtue of such execution, shall accordingly be held and enjoyed, freed and discharged of all incumbrances of such persons as are so seised and possessed, to the use, or in trust, for the person against whom such execution is sued.” This is the substance of the section. It is very certain, that it does *280 not apply to this case; for Atkinson never was seised to the use> or ⅛ trust> either of Birdsall or Smith. The statute in-tended to subject to execution the real estate or hereditaments of a person having the entire interest therein, but which was nominally and formally vested in another person. If Atkinson ⅛ to be considered as seised, in the first instance, in trust for Birdsall, and after the contract between Birdsall and Smith, for the latter, then the appellant would, by force of the statute, hold the land purchased on execution, freed and discharged from the incumbrance of Atkinson’s claim for the consideration money of the purchase by Birdsall. And in such case, Atkinson would be devested of that portion of the consideration which remained unpaid. This construction of the statute, it is evident, would produce most mischievous consequences, as regards every person *who should contract to sell real estate, and receive any portion of the consideration money. The Vendor does not become seised to the use or in trust for the vendee, until the whole consideration money is paid ; he retains the title to the estate, and the use in it, to himself, until he has completely satisfied the consideration ; and it is one of the requisites to the execution of a use under the statute, that the estate out of which the use arises, should vest in the cestui que use. (2 Fonh. B. 2. ch. 6. sec. 1. and Sand, on Uses, 168.) Here it could not vest in any other person, until Atkinson was fully paid and satisfied, and this did not happen until after the sale to the appellant, on the execution on Harison’s judgment.
The idea thrown out, on the argument, that the estate did vest in Birdsall, and, afterwards, in Smith, as far as the consideration money paid, and that it remained in Atkinson, in regard to that part of it which was unpaid, is a novelty in the law, without any authority or reason for its support. It. supposes a community in the use, partly in the vendor and partly in the vendee, in proportion to their interests in the estate. It cannot admit of a doubt, that the statute embraces those cases only, where the entire estate, out of which the use arises, vests in the cestui que use, in consequence of his having paid the whole consideration money; and I have met with no case or dictum countenancing the doctrine of a divided use, vested in the vendor and vendee. We have been referred to Sugdcn, 120. for the principle, that equity looks upon things agreed to be done, as done ; and that when a contract is made for the sale of an estate, equity considers the vendor as a trustee for the purchaser, and the purchaser as a trustee for the purchase money, for the vendor. This, however, is merely so for the purpose of affording the requisite remedy upon contracts, and the doctrine has no connection with, or relation to, the statute of uses. It is an artificial rule adopted in equity to coerce parties to the fulfilment of their contracts.
I fully accede to the proposition laid down by the chancellor, that the fourth section of our statute of uses, was taken from *281 a branch of the English statute of frauds, and relates to those fraudulent and covenous trusts in which the *cestui que use has the whole beneficial interest, and the trustee the naked and formal title. It undoubtedly extends, also, to a transaction which was not originally fraudulent, as where the trustee had at first an interest in the estate, but which, subsequently, became extinct, and the whole estate vested in the cestui que trust. Had Smith, as the assignee of the contract with Birdsall, paid Atkinson the whole consideration money, the statute would have applied, for then Atkinson’s retaining the legal estate, would, as regarded creditors, have been fraudulent; Smith never having paid Atkinson the money due him, had but a mere equity in the lands, which could not be reached by execution. I am, therefore, of opinion, that the decree of the Court of Chancery ought to be affirmed.
March 31
This being the unanimous opinion of the court, it was thereupon ordered, adjudged, and decreed, that the decree of the Court of Chancery be affirmed, and the appeal be dismissed : and further, that the appellant pay to the respondents one hundred dollars, together with their costs to be taxed, for their damages and costs, in defending the appeal; and that the record be remitted, &c.
Decree of affirmance, (a)

 Vide Jackson, ex dem. Stone, v. Scott, 18 Johns. Rep. 94. A person in the possession of land, under a contract for the purchase and sale of it, has an interest in the land which may be sold on execution. The defendant in such case becomes quasi tenant to the purchaser, and cannot object that he has no title. Ingalls v. Lord, 1 Cowen, 240. Jackson, ex dem. Cary, y. Parker, 9 Cowen, 85. Jackson, ex dem. Ten Eyck, v. Walker, 4 Wendell's Rep. 462.