ELISHA EASTON, appellant,
*against*
JAMES TALLMADGE and others, respondents.

The question considered, whether this court can, on affirmance of a decree of the Court of Chancery, upon appeal, order the appellant to pay the respondent a sum beyond the taxable costs.
Additional sum refused under the circumstances of the case.

THIS cause having been argued at the present session by H. R. Storrs for the appellant, and J. Sudam and J. Tallmadge for the respondents; and the decree, of his Honor the late Chancellor, unanimously affirmed;

*P. Ruggles*, for the respondents, now moved for a rule that the 100 dollars, deposited in the Register's office of the Court below, be paid to the respondents, over and above the taxable costs.

ROOT, President. I hope the motion will be denied, upon the princicple that there is a statutory provision against it. Whatever the practice of this Court might otherwise have been, it is enough that there is a statute imperatively prohibiting this extra allowance. Any rule which we can make will not warrant it; and it would be a penal offence for an officer, or any other person, to receive the money, notwith·standing any sanction which it is in our power to give. I am aware there are precedents the other way. This Court have

granted motions like the present, in imitation of the House of Lords.   But there is no statute imposing a fee bill upon that house, and declaring, as with us, that it shall not be exceeded.   I regret that such a precedent should have been made. The same principle reaches the Court of Chancery and the various Courts of Equity in the state.   Why have they not the same right with us to amerce for *false clamor* in the suitor ?   I hope that *Murray* v. *Mumford*(*a*) will be the last *(a)* Ante, 400 case in which we shall hear of this power being exercised.

WOODWORTH, J.   I have no doubt of our own power, or of the power of the Court of Chancery, to make the allowance ; and I am prepared, if it were necessary, to show this to be so within the constitution and laws of the state. There is nothing in it incompatible with the act regulating the fees of the several officers and ministers of justice.   No officer is to receive fees beyond the rate fixed by that statute ; and it would be penal for him to receive more.   But the present is a question between party and party.   The power of this Court is established by numerous precedents.   It has been concurred in and exercised by all the sages of the law who ever sat here ; and I confess, it struck me with surprise, that our power should be questioned, when the motion was made the other day, in *Murray* v. *Mumford*.   The course which that motion took led me to look into the cases where this power has been recognised ; and I think there are ten or twelve cases in this Court.   The late Chancellor had occasion to examine this question at the last term in New York ; and he considers it a power necessarily incident to that Court, as a protection against vexatious and oppressive litigation.   Mark how distinguished a course the legislature themselves have taken on this question.   At law, you shall not pursue the defendant for trifling sums in the higher Courts, except under the penalty of paying costs ; but they declare, specifically, when you shall have costs and when they shall be denied.   This is not so in Chancery ; costs are discretionary.   The statute merely fixes the rate of allowance when single costs are awarded by the decree.   It does not take away the power of the Chancellor to allow more by way of penalty.   So much, I thought it my duty to say as to the principle, in the abstract.

It is perhaps unnecessary to pursue the discussion; for should our power be conceded, I do not think there is any thing, in this case, which calls for amercement.

BOWNE, Senator. I hope a day will be assigned for hearing counsel upon the question whether we have power to make the allowance. It is important, if we are to pass upon it again, that it should be done deliberately. I voted for amercement in *Murray* v. *Mumford*, and understood the law members of the Court as finally acquiescing in the decision then made. This question should be settled.

SANFORD, Chancellor. As there is a serious difference of opinion between the members of the Court, I agree that the question should be discussed and settled deliberately. We granted a similar application the other day in *Murray* v. *Mumford*, but our power is still questioned. I would deny this motion, under the circumstances of the case; but hold the question, upon our right, open for discussion when it shall hereafter arise.

STRANAHAN, Senator. The Court have very recently decided this question, and in my opinion rightly. I have no objection that counsel should be heard, but am satisfied with the decision in *Murray* v. *Munford*. It was according to the precedents; and I think we should not invite further discussion. As at present advised, I concur that the allowance should not be made, under the circumstances of this case.

CRAMER, Senator, concurred.

CLARK, Senator. I am opposed to the motion upon the general ground that we have no power to grant it.

Motion denied

(b) Owing to the turn which this matter took, Mr. Justice Woodworth did not cite the cases to which he alluded. The following, I presume, are some of them: *Monkhouse* v. *The Corporation of Bedford*, 17 Ves. 380. *Deas* v. *Thorn and others*, 3 John. Rep. 541, 552. *Waters* v. *Travis*, 9 John. Rep. 450, 469. *Post* v. *Kimberly*, id. 470, 506. *Rathbone* v. *Warren*, 10 John. Rep. 587, 596. *Bogert* v. *Perry*, 17 John. Rep. 351, 356. *Berry* v. *Thompson*, id. 436, 437.