## GOUVERNEUR vs. LYNCH.

Where lands belonging to several persons are covered by a mortgage given by the person from whom they derive their titles, the several parcels must be sold to satisfy the mortgage in the inverse order of their alienation.

The first purchaser from the mortgagor has the prior equity, although the consideration was not actually paid until after other portions of the lands had been purchased and paid for.

If a vendee is in possession of lands, under a contract to purchase, a subsequent purchaser or mortgagee has constructive notice of his equitable rights, and takes the land subject to his prior equity.

If the purchase money has been paid by a vendee before a subsequent mortgage is recorded, the mortgagee will have no claim upon the land.

If a part of the purchase money remains unpaid at the time the mortgage is recorded, such mortgagee will have an equitable lien on the land to the extent of the unpaid purchase money.

August 24th    THIS was a bill of foreclosure. The defendant Lynch gave a mortgage upon a large tract of land, part of which was under contracts for sale previous to the date of the mortgage. The purchasers at the date of the mortgage were in possession and had paid considerable portions of the purchase money. They have since paid the residue to the mortgagor. Other parts of the lands were afterwards sold to various other persons who are made defendants in this suit.

*A. McDonald,* for the complainant.

*J. Edwards & J. McKown,* for the defendants.

THE CHANCELLOR. Where lands belonging to several persons are covered by a mortgage given by the person from whom they all derive their titles, the lands last sold by him are first liable to satisfy the incumbrance; and the several parcels must be sold by the master in the inverse order of their alienation. Where the purchase money has been paid in good faith, the first purchaser has the prior equity, although the consideration was not actually paid until after other portions of the lands had been purchased and paid for by the vendee.

If a vendee is in possession of land, under a contract to purchase, a subsequent purchaser or mortgagee has construc-

tive notice of his equitable rights; and takes the land subject to his prior equity. (5 John. Ch. R. 29. 4 Little's R. 317. 1 Munro's R. 201.) If the purchase money has been paid before notice of and prior to the recording of a subsequent mortgage, the mortgagee will have no claim upon the land. Where a part remains unpaid, he will have an equitable lien thereon to the extent of the unpaid purchase money.

The decree in this case must be drawn up in conformity to these principles; and if the lands not contracted for at the date of the mortgage are insufficient to pay the amount due to the complainant, with costs, the master must ascertain and report the amount of the purchase money which was due on the other lots at the time of the registry of the mortgage.