Moyer *v.* Hinman.

—————————

## Moyer *vs.* Hinman.

A judgment is not a lien upon the interest of a person holding a contract for the purchase of lands.  But in equity the contract is treated, for most purposes, as if specifically executed, and the purchaser is treated as the equitable owner of the land, and the vendor as the equitable owner of the purchase money.

Any person acquiring the legal title with notice of the contract takes it subject to all the equities which affected the lands in the hands of the vendor.

A judgment regularly docketed, against the vendor, is a charge upon the land, and binds the legal title; but equity limits and restricts this lien to the amount of the unpaid purchase money, as against a party holding under a contract of purchase.

In 1835, S., being the owner of certain lands, contracted to sell them to the plaintiff.  In 1838 a judgment was recovered against S. which became a lien upon the premises and under which they were sold in 1844.  In Jan. 1846, a sheriff's deed was given to H. as assignee of the sheriff's certificate.  Payments were made to S. by the plaintiff, after the recovery of the judgment and before the sheriff's sale.  After the sale and before the deed was given, viz. in October, 1845, the plaintiff made a further payment to S.  *Held* that no notice to the plaintiff of the judgment, or sheriff's sale, was necessary to protect the legal title and claim of H.; and that the plaintiff had no right to make the payment to S. in October, 1845, and was not entitled to have the same credited upon his contract, as against the title and claim of H. under the judgment.

The plaintiff in this action sought to stay proceedings in an action brought by the defendant to recover the possession of certain premises in Oswego county, and to compel a conveyance of the same premises to him.    In 1835 one H. W. Schroeppel,

being the owner of the lands, contracted to sell them to the plaintiff, who paid a small part of the purchase money and entered into possession and made improvements on the property. In 1838 a judgment was recovered against Schroeppel, which became a lien upon the premises in question, and under which they were sold in 1844, and a sheriff's deed thereof given to the defendant as assignee of the sheriff's certificate, in January, 1846. Payments were made to Schroeppel, by the plaintiff, after the recovery of the judgment and before the sheriff's sale of the property. After the sale, and before the deed was given, to wit, in October, 1845, the plaintiff made a further payment of $224 to Schroeppel. After the title of the defendant had become perfect, under the sheriff's sale, and after the commencement of an action to recover the possession of the premises, the plaintiff tendered and offered to the defendant the amount remaining unpaid of the purchase money upon the contract with Schroeppel, together with the costs of the action, and demanded a conveyance of the premises. The defendant refused to convey. The cause was tried by Justice Pratt, without a jury, who held that the payment to Schroeppel in October, 1845, was not a valid payment, and that the defendant was entitled to the sum unpaid upon the contract at the time of the sale of the premises and the execution of the sheriff's certificate; and judgment was given directing a conveyance of the premises to the plaintiff, upon the payment by him of that sum with costs. From this judgment the plaintiff appealed.

G. F. Comstock, for the plaintiff.

L. R. Morgan, for the defendant.

By the Court, W. F. ALLEN, J. At the time of the recovery of the judgment and the sale by the sheriff, the legal title to the premises was in Schroeppel, the judgment debtor; and the contract of purchase by the plaintiff is to be regarded as a simple executory agreement and as not attaching to the property in any manner, as an incident, or as a present or future charge.

Moyer v. Hinman.

No legal interest vested in the plaintiff in virtue of his contract, which could be sold or in any way reached by process of law. (*Story's Eq. Jur.* § 790. *Bogart* v. *Perry,* 1 *John. Ch. Rep.* 52; *S. C. in error,* 17 *John.* 351.) Spencer, Ch. J., says, " The idea thrown out on the argument, that the estate did vest in Birdsall and afterwards in Smith (those claiming under the contract of purchase) as far as the consideration money paid, and that it remained in Atkinson (the vendor) in regard to that part of it which was unpaid, is a novelty in the law, without any authority or reason for its support." A judgment is not a lien upon the interest of a person holding a contract for the purchase of lands. (2 *R. S.* 4*th ed.* 153, § 4.) But in equity the contract is treated, for most purposes, as if specifically executed, and the vendee is treated as the equitable owner of the land, and the vendor as the equitable owner of the purchase money. A qualified trust is created : the seller is deemed to stand seised of the lands for the benefit of the purchaser, and from this, certain equitable results follow ; amongst other things protecting the purchaser against the claims of the heir of the seller and every one claiming under him as a purchaser with notice of the contract. (*Adams Eq.* 140. *Story's Eq. Jur.* §§ 788 *to* 790.) Any person acquiring the legal title with notice of the contract takes it subject to all the equities which affected the lands in the hands of the vendor. A judgment regularly docketed against the vendor is a charge upon the land, and binds the legal title, but equity limits and restricts this lien to the amount of the unpaid purchase money, as against a party holding under a contract of purchase. (*Keirsted* v. *Avery,* 4 *Paige,* 15. *Ten Eick* v. *Simpson,* 1 *Sandf. Ch. Rep.* 244. *Per Ch., Parks* v. *Jackson,* 11 *Wend.* 442. *Gouverneur* v. *Lynch,* 2 *Paige,* 300. 2 *R. S.* 4*th ed.* 606, § 4.) The legal lien of the judgment is perfect, but in equity the purchaser may insist upon the same equitable rights, as against the purchaser under the judgment, which he could have urged against his vendor, that is, a conveyance of the premises, upon payment of the purchase money unpaid at the time of the docketing of the judgment. This is the extent to which equity will interfere with the legal title of the purchaser

under a judgment and execution sale, who by his purchase acquires all the title which the judgment debtor had at the time of the docketing of the judgment, and which in this case was the absolute title, subject to the equitable right of the plaintiff to a conveyance, upon the payment of the amount then unpaid upon his contract. The claim of the plaintiff is to be relieved against a legal right, upon equitable considerations. The equities of the plaintiff which are recognized by the courts grow out of his status at the time the legal title of the defendant attached to the premises, but in this action he seeks to establish an equity by reason of subsequent payments, which if allowed would not only subject the legal title to equities then existing, but also to such as might at any time thereafter accrue. His real equity consists in having parted with his money upon the faith of his contract and before an adverse legal title had accrued, or legal lien attached, and not in having parted with his money subsequently, without making an effort to discover the then state of the legal title and the rights of parties. So far as the cases go, they all hold that a grantee, mortgagee, or judgment creditor of the vendor of premises acquires a title or lien upon the land, to the extent of the unpaid purchase money. ( *Gouverneur* v. *Lynch*, 2 *Paige*, 300. *Ells* v. *Tousley*, 1 *Id.* 280. *Ten Eick* v. *Simpson*, 1 *Sandf. Ch. Rep.* 244. *Tarbell* v. *Reid*, 16 *Serg. & R.* 267. *Hampson* v. *Edelin*, 2 *Har. & J.* 64.) And some go further, and hold that the legal title overreaches the contract title. (*Butts* v. *Chinn*, 4 *J. J. Marsh.* 641.)

Notice of the claim was not, I think, necessary to protect the legal title and claim of the defendant. The cases relied upon by the counsel for the appellant do not seem to be analogous, or to decide any principle by which this case could be affected. An assignment of a chose in action is only perfected by notice to the party to be affected, for very obvious reasons, which are not applicable to this case. (*Story's Eq. Jur.* § 1047. *Towson* v. *Ramsbottom*, 2 *Keen*, 35.) *Stuyvesant* v. *Hone*, (1 *Sandf. Ch. Rep.* 419,) was a question under the recording acts, and *Truscott* v. *King*, (6 *Barb.* 346,) was a contest between two parties, both claiming under legal titles. If no notice of the judgment

or sheriff's sale to the plaintiff was necessary then the payment to Schroeppel in October, 1845, was properly disallowed, and the tender being insufficient, the plaintiff was properly charged with the costs of the action.    There has been no error prejudicial to the plaintiff, and the judgment must be affirmed, with costs.

[ONONDAGA GENERAL TERM, October 3, 1853.    *Gridley, W. F. Allen, Hubbard* and *Pratt,* Justices.]