THURMAN *vs.* ANDERSON and others.

Under the section of the code allowing a party to set up, in an action to enforce a legal right, an equitable as well as a legal defense, if a defendant in an action of ejectment shows an equitable right to the possession of the premises, as against the plaintiff, judgment should be given for him.

The defendants were in possession of land, under a lease for a term of years, from W., who had contracted to purchase the premises, and was in possession under his contract. After the making of the lease, and after the defendants had taken possession, the plaintiff, with notice of the defendant's rights, took an assignment of the contract of purchase, from W., and subsequently fulfilled the contract of purchase and obtained a deed of the premises. He then brought this action against the defendants, to recover the possession. *Held* that the plaintiff had no equity as against the defendants; and that, his legal title having relation to the contract, was subject to the right of the defendants to occupy under their lease. Judgment in favor of the plaintiff reversed, and new trial granted.

ACTION of ejectment, tried at the Oswego circuit in June, 1859, before DAVIES, J. without a jury. The defendants were in possession, under a lease for a term of years, from one West, who had contracted to purchase the premises, and was in possession under his contract. After the making of the lease, and after the defendants had taken possession, the plaintiff, with notice of the defendants' rights, took an assignment of the contract of purchase, from West, and subsequently fulfilled the contract of purchase and obtained a deed of the premises.

Judgment was given for the plaintiff; the justice at the circuit holding that the evidence did not prove any defense,

legal or equitable, and that the plaintiff was entitled to recover. From that judgment the defendants appealed.

*A. Perry,* for the appellants.

*C. Andrews,* for the respondent.

*By the Court,* W. F. ALLEN, J.   By the code, a party may set up, in an action to enforce a legal right, an equitable as well as a legal defense, (*Code,* § 150;) and if the defendants had an equitable right to the possession of the premises, as against the plaintiff, judgment should have been given for them.   This was the error of the learned justice on the trial; for he expressly held and decided that the evidence offered by the defendants did not prove "any defense, either legal or equitable."   The claim and title of the defendants is purely equitable, and must be judged by the rules of law applicable to titles of that character.   But *æquitas sequitur legem* is a very common maxim, and is applied in those cases to which the rules of law are in terms applicable.   Lord Hardwicke, after quoting the maxim, added: "When the court finds the rules of law right, it will follow them, but then it will likewise go beyond them." (*Paget* v. *Gee, Ambler's R., app.* 810.)

In dealing with cases of an equitable nature, equity adopts and follows the analogies furnished by the rules of law. (1 *Story's Eq. Juris.* §§ 64, 64 *a.*)   Applying to the equitable title of West, under whom both parties to this action claimed, the rules applicable to legal titles, the plaintiff would be estopped, as the grantee of West, from disputing or contradicting the title of his lessors.

This is not the case of a lease granted by one having no title, or a defective title, and who has subsequently acquired a valid title by the purchase of an outstanding title.   The title of West, at the time of the granting of the lease to the defendants, was valid and differed only from the title which subsequently became vested in the plaintiff, in this, that the

latter is a legal while the former was an equitable title. The equitable grew into the legal, but the one was not inconsistent with or adverse to the other. West's title was perfect as an equitable title, and the plaintiff has not acquired a title adverse or paramount to it. · West was a purchaser under an executory contract, and as such was the equitable owner of the premises, subject to the future payments to be made by him. (*Moyer* v. *Hinman,* 3 *Kern.* 180.) ·

The vendor was the trustee of the legal title for the vendee, and the vendee the trustee of the vendor as to the unpaid purchase money. (*Story's Eq. Jur.* § 790 *et seq.*) The equitable title is recognized and protected by law, and is the subject of sale or mortgage ; and the rights of the assignee and mortgagee will be protected as against every person claiming under the equitable owner with notice. (*Johnson* v. *Stagg,* 2 *John.* 510. *Jackson* v. *Bull,* 1 *John. Cas.* 81.) It was admitted upon the trial that West was in possession under the contract, that is, with the assent of the vendor, and as of right, by virtue of the contract. He had a possession which was transferable, and an equitable interest in, or title to, the premises, which was also the subject of a transfer. He could transfer both absolutely or conditionally. He might transfer his whole interest in the premises, and all his rights under the contract, or any portion of such interest and rights ; or he might transfer the possession for a limited period, and the transferee in that case would acquire all the rights of a partial assignee of the contract, so far as should be necessary to protect his rights consistently with the terms of the contract. To that extent he would be subrogated to the rights of the vendee, under the contract, and might perform the same for his own protection and indemnity, and acquire all the rights of the vendee, as against the vendor. Any one who should thereafter succeed to the rights of the vendee under the contract, with notice of the rights of the transferee, would, within well established principles of law as well as equity, take in subordination to all their rights, and all equities growing out

of his dealings with the vendee in respect to the estate. (*Parks* v. *Jackson*, 11 *Wend.* 442. *Gouverneur* v. *Lynch*, 2 *Paige*, 300.) The defendants in this case took possession under a lease, valid as against West, for a term which has not yet expired. The lessor could not, so long as they performed the covenants of the lease, oust them from their possession, whether he perfected his legal title by the payment of the purchase money upon his contract or not. It is not necessary, to sustain this proposition, to refer to the doctrine of estoppel, by which a lessor who has demised premises with a covenant for quiet possession, either express or implied, having no title and subsequently acquiring a title, is precluded from making use of that title to the prejudice of the lessee, and by which such subsequently acquired title is made to enure to the benefit of the lessee. Such is the very familiar rule. (*Jackson* v. *Murray*, 12 *John.* 201. *Jackson* v. *Stevens*, 13 *id.* 316. *Vanderheyden* v. *Crandall*, 2 *Denio*, 9.) Here West, the lessor, had an equitable title and an inchoate legal title, and when that should ripen into a perfect legal title he would nevertheless be in under the same title that he had at the time of the lease. His deed would operate by relation, and become effectual from the time of making his contract, so as to protect all intermediate interests. (*Moyer* v. *Hinman, supra. Parks* v. *Jackson, supra. Jackson* v. *Bull, supra. Jackson* v. *Raymond*, 1 *John. Cas.* 86, *note. Johnson* v. *Stagg*, 2 *John.* 510.) The plaintiff became the assignee of the contract of purchase with notice of the lease to the defendants, and of their equities. As assignee of the contract, he was charged with all the equities resulting from the lease, and in all respects occupied the position of West, the vendee and lessor, except as to the personal covenants of West as lessor. As the assignee of the vendee he could not, considering his right to possession under the contract, have evicted the lessees of West and put an end to the lease. His equitable title was precisely the title of West. West could not convey to him interests or rights over the premises, or against the

Thurman *v.* Anderson.

occupants, which he had not. If the plaintiff had never obtained a deed of the premises from the original vendor, it will be conceded that he could not have disturbed the defendants in their possession, so long as they were entitled to retain possession under their lease. This being so, how could he acquire rights by performing the contract of purchase and paying the purchase price of the premises, which his assignee, the vendor, could not? The proof is that the plaintiff acquired his title, not in hostility to the contract to West, but in pursuance and fulfillment of it. His title, before equitable, became a legal title, but necessarily subject to all the legal incidents and equitable charges to which his equitable title was subject. Having purchased the equitable title with notice, he cannot be relieved from the consequences of that action, even by a subsequent purchase of the legal title. (1 *Story's Eq. Jur.* § 64, *e.*) But here is no purchase of the legal title. The payment, which was the consideration of the deed, is referable to the contract in pursuance of which the deed was given; and as the title of the vendee would have related back to the date of the contract, to preserve intermediate rights, the same effect must be given to the plaintiff's title acquired under the same contract. It is, in effect, as if West had purchased the deed and then conveyed to the plaintiff. (*Van Horne* v. *Crain,* 1 *Paige,* 455. *Jackson* v. *Hubble,* 1 *Cowen,* 613. *Bank of Utica* v. *Mersereau,* 3 *Barb. Ch. R.* 568.) The plaintiff received the deed because he was the assignee of West, as such assignee, and not independent of him. West cannot in this way get rid of the equities of his lessees; nor can the plaintiff thus profit by his acquisition of the legal title. Had there been an attempt to surrender the contract, equity would have entitled the defendants to come in for their own protection, and pay up the amount due and take the title as against West and all claiming under him with notice of their rights. The plaintiff has no equity, as against the defendants, and his legal title, having relation to the contract, as it does, is

subject to the right of the defendants to occupy under their lease.

The judgment must be reversed, and a new trial granted; costs to abide the event.

[ONONDAGA GENERAL TERM, January 3, 1860. *Pratt, Bacon, W. F. Allen* and *Mullin*, Justices.]