Adams *v.* Green.

ADAMS and others *vs.* GREEN and others.

As between the executor and the heir or devisee of a vendor, a contract for the sale of land is personal estate, and goes to the executor, and not to the heir or devisee.

Hence, in an action by the devisees of the vendor, against the vendee, to recover the balance of purchase money due upon the contract, the executor of the vendor should be joined as plaintiff. JOHNSON, J. dissented.

APPEAL by the defendants from an order made at a special term, overruling a demurrer to the amended complaint. On the 5th of November, 1847, Abner Adams and the defendant Green made and executed the agreement set forth in the complaint, whereby Adams covenanted to convey the

premises therein described to Green, his heirs and assigns, on payment of $1050 and interest, in ten installments, the last of which became due on the 1st day of January, 1857. All the payments were to be made "previous to the party of the first part executing a deed to the party of the second part." Green entered into possession, and afterwards transferred his interest in the contract to the defendant Wadhams, who leased the premises to the defendant Smith. In January, 1848, the vendor died, leaving a will, by which he devised to his two sons, the plaintiffs, the land and the contract. Green and his assigns made default in their payments, and the contract has been violated for years on their part. By the will Myron Adams, one of the plaintiffs, was appointed executor, and this action was originally commenced by him, praying for a foreclosure of the contract, a sale of the premises to pay the amount due, and judgment for the deficiency against Green. To this original complaint the defendants demurred, and alleged as the grounds thereof, 1st. That it did not appear the plaintiff had any interest in the subject matter of the action. 2d. It appeared that other parties should be plaintiffs, 3d. That the facts and circumstances alleged in the complaint, were not sufficient in law to maintain the action. The demurrer was sustained by Judge Johnson, at special term, on two grounds, as appears by his written opinion: 1st. Because the fee of the land was in the devisees of the vendor, subject to the contract, and was not assets in the hands of the executor, by our statute, 2d. Because, in any view, the heirs or devisees of the vendor held the land in trust for the purchaser, or his assigns, and should as such be parties to the action. Upon that decision the complaint was amended, and put in its present form. In the amended complaint, the plaintiffs sued as *devisees*, and Myron Adams was not joined in his character of *executor* of the vendor. The complaint set forth the above facts, and alleged that the defendant Green had not complied with the

conditions of said contract, but had made default in the payment of the sums therein agreed to be paid, nor had any person paid said sums; and that there is now actually due and unpaid the sum of $200, and interest thereon from the 9th day of March, 1857, and which the plaintiffs, before the commencement of this action, had repeatedly demanded of each and all of the defendants. The plaintiffs therefore prayed that the defendants might discover whether there is or are any, and what liens or incumbrance upon, or affecting their or either of their interests in or to said contract, or the premises therein described, subsequent to the date of said contract; and if so, in whom the same is vested, and that an account might be taken by and under the direction of the court of what is due and owing to the plaintiffs for principal and interest on said contract; and that the said defendants Green and Wadhams might be adjudged to pay to the plaintiffs what should be found to be due on taking the said account, together with the costs of this action, or in default thereof, that the defendants and all persons claiming under them, or either of them, might be absolutely debarred and foreclosed of and from all right and equity of redemption in or to said premises, and every part thereof, and that they might deliver up to the plaintiffs the said contract and all other papers in their custody or power relating to or concerning said premises, or any part thereof, and that the plaintiffs might have further or other relief, &c. To this complaint the defendants demurred and alleged, 1st. That the plaintiffs have no interest in the contract. 2d. That other parties should be plaintiffs. 3d. No performance on the part of the vendor is shown. 4th. No tender of a deed is shown. 5th. The facts and circumstances are not sufficient to maintain the action.

*G. H. Mumford*, for the appellant.

*D. C. Hyde*, for the respondents.

E. DARWIN' SMITH. J.  In the case of *Moore* v. *Burrows*(a) we were prepared at the last December term to decide that as between the executor and heir of a vendor, a contract for the sale of lands was personal estate, and went to the executor and not to the heir.  Before the decision was announced this case came on for argument, and as my brother Johnson was not satisfied with the proposed decision of that case we allowed the argument in this to proceed as though the question were an open one, and retained that case, with this, under advisement for further consideration.  In looking into the case anew and reviewing the authorities, I am unable to come to any other conclusion upon the question than that which is expressed in the opinion in that case.  The legislature of this state have impliedly if not expressly asserted the rule to be as stated in *Moore* v. *Burrows*, in section 99, art. 7, chap. 1st of part 3d of the revised statutes, (3 *R. S.* 275, *5th ed.*) which is as follows:' "The supreme court or a county court shall have power to decree and compel a specific performance by any infant heir or other person of any bargain, contract or agreement, made by any party who may die before the performance thereof, on petition of the executors or administrators of the estate of the deceased, or of any person or persons interested in such bargain, contract or agreement, and on hearing all parties concerned and being satisfied that the specific performance of such bargain, contract or agreement ought to be decreed or compelled."  This provision impliedly assumes that the purchase money is *personal estate*, and goes to the executor or administrator.  It is in effect a provision whereby they may, upon the payment to them of the purchase money, execute the contract of the vendor by procuring a conveyance from his heirs to the vendee.  The question was expressly decided in the case of *Farrier* v. *The Earl of Winterton*, by Lord Langdale, master of the rolls, reported in 6 *Jurist of* 1842, *p.* 204.  The question was whether the devisee of the land contracted to be sold by

(*a*) Ante, page 173.

---

Adams *v.* Green.

---

the testatrix in her lifetime, or the personal representatives, were entitled to the purchase money remaining unpaid on a contract for the sale of the land. It was held that the devisee had no interest in the purchase money, but that the money in question belonged to the personal representatives. (*See also* 2 *Story's Eq.* § 790 ; *Hill* v. *Ressegieu,* 17 *Barb.* 166 ; *Lewis* v. *Smith,* 5 *Selden,* 502 ; *Roberts* v. *Merchants,* 1 *Hare,* 547; *S. C.* 23 *Eng. Ch.* 547.) In the last mentioned case the administrator of a vendor who had died intestate filed his bill against the purchaser, for a specific performance of a contract for the sale of land. It was objected that the heir was a necessary party to the suit. It was held that the objection was a valid one, and that the purchaser in such a case, when sued for a specific performance of his contract, is entitled to have the question of the validity of the contract decided in the presence of the vendor, or if the vendor be dead, in the presence of the party who represents him. In this case the action is brought without making the executor a party. *Calvert, on Parties in Equity,* (*p.* 293,) says that "when a vendor dies after having entered into an agreement to sell, and makes a devise of all his real estate, both the real and personal representatives are necessary parties, the former that they may convey the property contracted for, and the latter that they may give a discharge for the purchase money." It follows from these authorities that the demurrer in this case is well taken, on the ground that the executor is a necessary party to the suit. Judgment should therefore be given for the defendant, on the demurrer, with leave to the plaintiff to amend by adding the proper parties, on payment of costs.

KNOX, J. concurred.

JOHNSON, J. (dissenting.) The demurrer to the complaint necessarily raises the question whether a contract for the sale

of land, in the case of the death of the vendor before perform-
ance by the purchaser, goes to his heir, executor or administra-
tor, as assets under the statute.   When this case was before
me at special term, on a former occasion, I intimated, without
much examination of the question, an opinion that under the
terms and evident policy of our statute, the executor did
not take the contract as assets and had nothing to do with it,
or its enforcement.   The question then raised by the demur-
rer, was whether the executor could maintain an action to
foreclose the contract, or enforce its performance specifically
alone, without joining, as plaintiff, the devisee of the land.
I then held that he could not; that the devisee of the land
was a necessary party, and suggested whether the executor,
as such, had any interest which would warrant his joinder
as plaintiff, even with the devisee.

The case now comes before us, on a demurrer to an amend-
ed complaint, substituting the devisee as the party plaintiff,
in the place of the executor, and amending in some respects
the prayer of the complaint.   The question whether an ex-
ecutor or administrator takes as assets, contracts for the sale
and purchase of land, depends entirely upon the provisions
of the statute.   It will be seen that the statute (2 *R. S.* 82,
§ 6) has with great care and particularity specified what
property shall be deemed assets, and shall go to the executors
or administrators, to be applied and distributed as part of·
the personal estate of the testator or intestate, and included
in the inventory thereof.   It is quite obvious, as it seems to
me, upon a careful examination of this list, that neither land
contracts nor the interests of either party in the land which
is the subject of such a contract, is given to the executor or
administrator as assets, or was intended to be made such, to
be applied and distributed as part of the personal estate.   In
looking into the scheme and policy of the statute, a good and
sufficient reason for this omission will at once become appa-
rent.   The interests of both vendor and vendee, under the

contract, in respect to the land, is deemed real estate, and provision is made for selling it as real estate, by the executors or administrators, in case of a deficiency of the assets enumerated and included in the inventory, for the payment of debts. The real estate is thus made in one sense assets contingently, although it does not go into the inventory, and is not deemed personalty. (*Story's Eq.* § 551.) The conditions upon which an application for the sale of the real estate by the executors or administrators may be made, are all carefully prescribed in title 4 of chap. 6 ; and where the sale is regularly made and confirmed, a conveyance is directed by the surrogate to be made by the executors or administrators to the purchaser. This conveyance, when made, it is declared by section 31, "shall be deemed to convey all the estate, right and interest in the premises of the testator or intestate at the time of his death." By section 66 the interest of the purchaser, in such a contract, is to be sold and conveyed in the same manner as though he had died seised of the land. And by section 67 the interest of the assignee of the purchaser may be sold in like manner. The surplus, after payment of debts and expenses, goes to the heirs or devisees of the testator or intestate, in proportion to their respective rights and interests. (§§ 43, 71.)

This precise question has been decided by this court, upon reasons which to my mind are entirely satisfactory and conclusive. (*Griffith* v. *Beecher*, 10 *Barb.* 432.) This decision at a general term of this court is binding upon us as authority, unless it is so clearly erroneous that we should feel bound to reverse it, had it been made by ourselves at general term. It is true that was the case of a deceased purchaser, who had nothing but an equitable title; but the point involved and decided was, that the statute did not give such a contract to the executors or administrators, nor make it assets.

There can be no doubt, I suppose, that one who is seised of real estate, and enters into an executory contract to sell it,

Adams *v.* Green.

remains seised until the contract is executed and the land conveyed by him. After the contract it may be sold or mortgaged by such owner, the same as before, and a judgment attaches as a lien upon it, and subjects it to sale and conveyance by the sheriff. There is this difference, however, that in every such case the purchaser or mortgagee takes subject to the equitable rights of the purchaser under the contract; especially if the latter is in possession, so that others are bound to take notice of his rights. (*Moyer* v. *Hinman*, 3 *Kern.* 180. *Parks* v. *Jackson*, 11 *Wend.* 442.)

The rights of a purchaser, under such a contract, are entirely different. He has no legal title, and techically is not seised of any legal estate. A judgment against him is no lien upon his interest, as it is upon the right and title of the vendee, by the express provision of the statute. (1 *R. S.* 744, § 4.) The statute (2 *R. S.* 57, § 2) provides that every estate and interest in real property descendible to heirs may be devised. The heirs of every person who may die without devising his *real estate* take it by descent, and this term real estate, as used in our statute regulating descents, is deemed to include "every estate, interest and right, legal and equitable, in lands, tenements and hereditaments," with certain exceptions, not material to the consideration of the question before us. (1 *R. S.* 751, § 1. *Id.* 755, § 27.) It is thus seen that the statute, in the most positive and explicit terms, gives the entire estate and interest, whether legal or equitable, which the testator or intestate had in the land, to his heir or devisee, as land or real estate, who takes an estate or interest of the same character and quality that such testator or intestate had at his decease. As real estate the statute prescribes how, and under what circumstances, the executor or administrator may sell it, and he has no right to interfere with it in any other way. The equitable rule which treats the interest of the vendor as personalty, and that of the purchaser as real estate, has nothing whatever to do with the

question.   The fiction of equity (for it is nothing more) that
an agreement to sell converted the real into personal estate, in
the hands of the vendor, never obtained at law.   At law it
is regarded as it is in fact, a new agreement to sell, by which
the purchaser obtains only a right to enforce the contract,
upon performance or offer to perform on his part.   It is a
mere contract right.   The statute controls, and the rules
therein prescribed are to govern, and afford the only grounds
of a solution of the question for the courts.

In England, and doubtless in other countries where estates
are administered by the court of chancery, or where chancery
has concurrent jurisdiction with other courts, in their admin-
istration, property and things in action which equity regards
as of a personal nature, go to the executors and not to the
heir.   And hence it is that in England, upon the vendor's
death the unpaid purchase money forms part of his personal
estate, and goes to the executors.   (*Dart on Vendors and
Purchasers*, 121.)   Not so here, however, where the statute
gives the interest of the vendor to the heir as real and not as
personal estate.   The heir thus taking the title holds it as
did his ancestors, as a species of trust, for the purchaser.
This at best, however, is a mere formal trust, for the pur-
pose of affording the requisite remedy upon the contract,
until the whole purchase price has been paid or offered to be
paid, according to its terms.   Then, and then only, does
equity really regard the vendor as holding in trust, for the
use of the purchaser.   (*Bogert* v. *Perry*, 17 *John.* 351.
*S. C.*, 1 *John. Ch. R.* 52.)

Indeed, looking at the complaint, the material allegations
of which are all admitted by the demurrers, it does not ap-
pear that the defendants will ever be able to enforce a spe-
cific performance of the contract in this case.   The purchaser
had not even the right of possession, by the express terms of
the agreement, and there would seem to be nothing in the
way of the plaintiff's maintaining ejectment, to recover pos-

session of the premises, or trover to recover the value of timber which may have been severed by the defendant from the premises and converted, under the well settled rules of law. (*Suffern* v. *Townsend*, 9 *John.* 35. *Cooper* v. *Stower*, *Id.* 331. *Mooers* v. *Wait*, 3 *Wend.* 104.) But I do not insist upon any such considerations. I prefer to rest my opinion exclusively upon the provisions of the statute and the decision in *Griffith* v. *Beecher*, (*supra.*) The statute, by giving the interest in the land belonging to each deceased party to the contract, to his heir or devisee, and the right, only, to the executors or administrators of selling that interest, under certain circumstances, and for particular objects, has, most aptly and judiciously, avoided the innumerable difficulties which would inevitably surround the usual remedies upon the contract, in the hands of the executors or administrators of the vendees, with the formal title in the hands of the heir or devisee. He could not rescind in case of a refusal to perform on the other side, because such rescission would necessarily operate to benefit the heir, to the prejudice of the personal representative. He could not maintain an action at law, to recover the payments, because, having no title to the land, he could not allege a readiness or an offer to convey. And he would encounter the same difficulty, in an action to compel a specific performance, on the part of the purchaser. Nor could he maintain ejectment, having no right of possession. The statute leaves the heir or devisee, on the other hand, to pursue his remedy against the other party, through the courts of equity or by actions at law, the same as the testator or intestate might if living. The executor or administrator, by the statute has nothing to do with the contract, except in the single case of a sale by him of the interest of the purchaser. In that case he assigns the contract to the purchaser, by the order of the surrogate. (2 *R. S.* 111, § 69.) This is only a statutory mode of transferring the interests of the decedent to the purchaser at the sale.

It is scarcely necessary to remark, in this connection, upon the main argument, that when the statute gives to the heir or devisee of the vendor the entire interest as land, there can be nothing left as personalty in the contract, for the executor to take. The statute also by this disposition necessarily prevents the interest from becoming mere personalty, to go to the executors or administrators according to the rule in equity, and continues it as real estate in the hands of the heir or devisee.

These considerations, independent of the decision before referred to, have led my mind irresistibly to the conclusion that the executor in this case has no right or interest whatever in the contract, or in the land, and ought not to be a party to the action, but that the devisee stands in the place of the testator and can maintain any action that the latter could, had he been living. The decision made at special term should therefore be affirmed.

Judgment for the defendant.

[MONROE GENERAL TERM, March 4, 1861. *Smith, Johnson* and *Knox,* Justices.]