J. F. Daly, J.
The bona fide purchasers of the house and lot subject to lien of the judgment, being liable to pay it, so far as the premises so conveyed to them would satisfy it, sustained the relation of sureties (bound, not personally, but in property), towards the judgment creditors and their assigns (Ingalls v. Morgan, 10 N. Y., 178).
The enforcement of the judgment against the land was delayed and prevented by the intervention of the defendants, Wilson and Darrow, the sureties who executed the undertaking on appeal, by which all proceedings on the judgment were stayed, and this delay ■continued until the principal debtors (the judgment debtors), became insolvent, so that the remedy of the purchasers of the land upon their covenants was impaired, if not destroyed. Therefore, as between these later sureties, bound personally on the undertaking and the prior sureties bound in property, the last named have the superior equity. The sureties on the undertaking, on paying the judgment, could not be substituted in place of the judgment creditor and enforce the judgment against the land held by the prior sureties (Armstrong’s Appeal, 5 Waits & S., 353; Pott v. Nathans, 1 Id., 155: Douglas v. Fagg, 8 Leigh. 588 ; Givens v. Nelson’s Ex’rs, 10 Id., 382; Laugford’s Ex’rs v. Perrin, 5 Id., 555 ; Daniel v. Joyner, 3 Iredell Eq., 513). On the other hand, the prior sureties or purchasers, if they had paid the judgment, had the right to recover the amount of it from the sureties on the undertaking, for their own indemnity (Parsons v. Briddock, 2 Vern. Ch., 608 : Brandenburgh v. Flynn, 13 B. M, 397; Bohannon v. Combs, 1 Id., 563; Wright v. Morley, 11 Vesey, 22 ; Burns v. Huntington Bk., 1 Pa., 395).
The j ndgment creditors and their assigns had the *60 right to recover the amount of the judgment from the-sureties on the undertaking but not to release the latter, for the prior sureties were entitled upon paying-the judgment, to the benefit of all the securities held by the creditor (See cases cited above).
At the hearing, Benedict, Taft & Benedict, for plaintiffs, Addison Brown, of counsel, in addition to the cases relied on by J. F. Daly, J. {supra), cited,—
Gahn v. Niemcewicz, 3 Paige, 614, 642, 647, 648; S. C., 11 Wend., 312, 317, 324; Chester v. Bank of Kingston, 16 N. Y., 336; Fellows v. Prentiss, 3 Ben., 421 ; Clowes v. Dickenson, 5 Johns. Ch., 235; Governeur v. Lynch, 2 Paige, 300; Guion v. Knapp, 6 Paige, 35, 42, 43; Howard Ins. Co. v. Halsey, 4 SeId., 271; 4 Sandf., 565 ; Burns v. Huntington Bank, 1 Pa. St., 395; Schentegel’s Appeal, 49 Id., 23; 1 Lead. Cases in Eq., 97; Delavergn v. Norris, 7 Johns., 358; Champlin v. Lay tin, 6 Paige, 195 ;. Meyer v. Clark, 2 Daly, 497; Simar v. Canaday, 53: N. Y, 298.
A. IT. Wagner, for defendants Mott and W agner.
The judgment creditors should have exhausted their remedies against the sureties on the undertaking before resorting to the land, or if not bound to do so, they had no right to release them without satisfaction of the judgment. By doing so, and depriving-the prior sureties of their recourse to the undertaking, they lost the right of proceeding against the prior sureties or the land. (Ingalls v. Morgan, 10 N. Y. 178 Stuyvesant v. Hall, 2 Barb. Ch., 151, and cases cited above).
For these reasons the motion for injunction pendente lite, should be granted.
Order accordingly.
H. T. Marston, for defendants Wilson and D arrow.
Brown, Hall <& Yanderpoel, for sheriff.
Daly, Ch. J.
My general conclusion is that the the plaintiffs are entitled to have the assignee of the judgment perpetually enjoined from enforcing it by the sale of the land upon which the judgment was alien. The necessity for an immediate decision will not admit of anything more than a brief statement of the grounds of that conclusion. They are as follows :
Mott, the present assignee of the judgment, took nothing by the assignment except what it was in the power of Wagner to transfer, and as Wagner purchased the judgment with a knowledge of all the facts, he took it subject to the equitable rights and obligations of the prior parties.
Burr and his successors stood, as respect their rights and interest in the land, in the position of sureties for the payment of the judgment to the extent of the value of the land. The defendants in the judgment were the parties primarily liable, or what is termed the principal ' debtors, and if they did not pay it, Burr or his successors were bound to do so, or else the land, the judgment being a lien upon it, might be sold to satisfy the judgment, and in either event, Britton would have been bound to indemnify Burr, or his successors, at least to the extent of the consideration received upon the purchase of the land, Britton having sold it to Burr with a covenant of warranty and quiet enjoyment.
Where a lien upon land arises from the recovery of a judgment, it is a right to have the land applied towards the satisfaction of the judgment. The land is a security for the payment of the judgment, and if conveyed to another after the recovery of the judgment, it is transferred necessarily, subject to this lien or- charge. The *62 party who takes it is, as respects the land, a surety for the payment of the judgment to the extent of the-value of the land. He is a surety from the fact that he is not primarily liable for the payment of the debt for which the judgment was rendered, and if the land is-taken for the satisfaction of the judgment, or if, to avoid its being so taken, he is compelled to pay the judgment, he has his remed-y over, for indemnity, against the judgment debtor, who conveyed the land to him.
It might be otherwise where the property is conveyed with a knowledge of the lien on the part of the grantee,, and it is allowed- for, or taken into account, in the consideration paid for the land, which was not the case-here, for the consideration paid by Burr was the full value of the land, less the mortgage upon it. Indeed, the judgment, which was for seventeen thousand and ninety-three dollars and fifty-five cents, was more than the value of the land, with the incumbrance upon it.
If I am right in the conclusion that Burr and his successors stand, as respects the land and the lien, in the-position of surety for the satisfaction of the judgment to the extent of the value of the land, then it follows upon the authorities referred to, that the sureties upon the appeal to the court of appeals, if compelled to pay the judgment, in pursuance to their undertaking, would have had no recourse for indemnity upon the prior-surety, and that if the prior surety had been compelled to pay the judgment to release his land, or his land had been taken to satisfy the judgment, that he would have had the equitable right to be subrogated to the rights, of the creditor against the sureties upon appeal, through whose intervention all proceedings on the judgment was stayed for the benefit of the judgment debtors, in an. unsuccessful attempt on their part to get the judgment reversed, involving a delay of several years, during which period both of the judgment debtors became irresponsible, either of them at the time of the recovery of *63 the judgment and. before the appeal, having been abundantly able to pay the judgment.
If the creditors had enforced the lien by a sale of the land under an execution upon the judgment, the owner of the land would have had his remedy over against the subsequent sureties upon appeal, or the creditors might upon the authority of Ingalls v. Morgan, have been compelled to exhaust his remedy against the sureties upon the appeal before resorting to his remedy against the land under the lien. He did neither. He assigned the judgment to parties who, after an action had been brought against the sureties upon appeal, in turn assigned it to Wagner, and Wagner, as assignee of the judgment, released these sureties. By doing so he cut off those who succeeded to the interest of Burr, from any remedy by subrogation or otherwise, against these sureties, if the land, to the ownership of which they have succeeded should be taken to satisfy the judgment, in the enforcement of the lien. Under those circumstances it would be inequitable to allow Wagner to sell the land under the execution, and the plaintiff, therefore, is entitled to the injunction prayed for.