Yan Yorst, J.
The plaintiff, on June 18, 1873, recovered a judgment against the defendant Terence Sheridan, in this court, for the sum of thirteen hundred and twelve dollars and sixty-three cents, upon a promissory note made by him, payable to plaintiff, dated January 13, 1873. s
An execution was issued upon the judgment to the sheriff of the city and county of New York, being the county in which the judgment debtor resided, and which has been returned unsatisfied.
Before the recovery of the judgment, the defendant, Terence Sheridan, had entered into a contract with two persons named Thorp, to furnish them blue stone to the value of five thousand five hundred dollars, and the Thorps had agreed in writing to convey to him a house and lot of ground in the city of New York, particularly described in the agreement, in payment for the blue stone.
The defendant, Terence Sheridan, delivered the' blue stone to the Thorps, to the value of five thousand five hundred dollars, in pursuance of the agreement, *258 and on March 13,1873, he became entitled to receive a deed of conveyance of the lot of land and premises from the Thorps.
On March 13, 1873, and before the recovery of the plaintiff’s judgment against him, the defendant, Terence Sheridan, by an instrument in writing, assigned and transferred to the defendant Thomas J. Sheridan, all his right, title and interest in and to the agreement for the purchase and conveyance of the house and lot, and all claim which he had against the Thorps for the blue stone, and conveyed to Thomas J. Sheridan all the right, title and interest which he had in and to the house and lot.
Afterwards, and" before the recovery of the plaintiff’s judgment, and on March 22, 1873, in pursuance of said assignment, and at the request of Terence Sheridan, the Thorps executed and delivered to the defendant, Thomas J. Sheridan, a deed of conveyance of the house and lot, and on or about May 15, 1873, and before the recovery of the plaintiff’s judgment, at the like request of Terence, Thomas J. Sheridan, executed and delivered to the defendant, Mary Sheridan, who is ihe wife of Terence Sheridan, a deed of conveyance of said house and lot.
It is claimed by the plaintiff in his complaint, that the assignment of the contract by Terence, to Thomas J. Sheridan, was without consideration, and was so made in fraud of the creditors of Terence, and to prevent the property being applied to the payment of his debts, and that the deed from the Thorps to Thomas J. Sheridan, and from him to Mary Sheridan, were made with the like purpose and intent.
The plaintiff claims that Terence Sheridan is the beneficial owner of said house and lot, and that his wife Mary holds the same in trust for him.
Plaintiff demands judgment, that the assignment of the contract from defendant Terence to Thomas J. *259 Sheridan, and the deeds of conveyance to Thomas J. and Mary Sheridan, may be adjudged fraudulent and void against the plaintiff, and that the property may be adjudged to belong to the said Terence Sheridan, and that the judgment, with interest thereon in plaintiff’s favor, may be adjudged to be a lien upon said real estate, to the same extent, and in the same manner as if the conveyance from the Thorps had been made to the defendant Terence Sheridan.
Upon the pleadings and evidénce, it appears that the defendant Terence Sheridan never had any legal estate in the house and lot in question. He had, it is true, paid the consideration by the delivery of the blue stone to the Thorps, and by such payment, he had an equitable interest in the premises to the extent of the consideration paid (Mayor v. Hinman, 17 Barb. 139).
But the defendant, Terence Sheridan, never had any such interest as could be impressed with the lien of the plaintiffts judgment, or be sold under execution (N. Y. Stat, at L. vol. 1, p. 696, § 4).
By the assignment of his contract to Thomas J. Sheridan, on March 13, 1873, when he was entitled to a deed, his equitable interest in the land passed to the latter, and the conveyance to Thomas J. Sheridan, by the Thorps, vested in him the legal estate.
There is little room to question, but that the assignment to Thomas J. Sheridan of the contract was made without any actual bona fide consideration paid by him, and for the. purpose of placing, the property beyond the reach of the plaintiff’ s demand, and with the design that the same should be ultimately conveyed to the defendant Mary Sheridan.
The giving by Thomas J. Sheridan, an irresponsible person, of his own unsecured note for five thousand five hundred dollars, payable in one year, was a mere subterfuge to give an appearance of a consideration. The real intention of the parties at the time, as understood, *260 was that the property was to be afterwards conveyed to Mary Sheridan, the wife of Terence.
The conveyance of the Thorps to Thomas J. Sheridan, and by him afterwards to the wife, was in pursuance of such arrangement and original understanding, and when the deed was executed to Mary Sheridan by Thomas J. the note of the latter for five thousand five hundred dollars was delivered up.
The reason assigned for the transfer to Thomas J. Sheridan, of the contract, and the execution of the deed to him afterwards, was that defendant wished to secure his wife.
If she had loaned moneys to him as is claimed, this he had a right to do. But to have carried out this arrangement, it was not necessary to have imported Thomas J. Sheridan into the transaction. A conveyance to her by the Thorps of the property would have accomplished the end without a resort to the useless contrivance of a conveyance to Thomas J. Sheridan, and the giving by him of a valueless note. Thomas J. Sheridan held the property impressed with a trust in favor of the creditors of Terence, and with the title finally vesting in the wife of the defendant, it amounted to a grant to her, and the consideration paid by her husband. The surrender of the worthless note of Thomas J. Sheridan was no valid consideration. But this consideration does not give rise to the consequences claimed by the plaintiff’s counsel, that defendant Terence Sheridan is the beneficial owner of the land, and that Mary Sheridan holds the same in trust for him, nor does the remedy by a judgment creditor’s bill against lands held under contract for purchase, created by the revised statutes, apply, as is urged by the plaintiff’s counsel (1 Stat. at L. 696, §§ 4, 5), for the reason that the equitable rights of the defendant Terencé Sheridan, under his contract for a deed with the Thorps, became merged in the legal estate which *261 became vested in Thomas J. Sheridan, through the conveyance executed to him by the Thorps, by the direction of the defendant Terence Sheridan, and which legal estate afterwards became vested in his wife.
The remedy of the plaintiff, if any, is under other provisions of the revised statutes, by which it is provided that where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the person named as the alienee in such conveyance. Such conveyance, however, is presumed to be fraudulent, as against the creditors at the time, of the person paying the consideration, and where a fraudulent intent is not. disproved, a trust shall result in favor of such creditor, to the extent that may be necessary to satisfy their just demands (1 N. Y. Stat, at L. 677, §§ 51 and 53; Garfield v. Hatmaker, 15 N. Y. 475; Wood Robinson, 33 N. Y. 564).
And the plaintiff’s remedy as a creditor of Terence Sheridan, at the time of paying the consideration by him, is to subject the land to the payment of the debt which he is entitled to, on his establishing the relation of trustee and cestuis que trust, under the provisions oí the statute of uses and trusts. It is quite clear that the plaintiff would be entititled to enforce the trust resulting in his favor, by the conveyance of the house and lot in question, and to have the same applied in pay ment of his claim, unless it be that the wife had, before the conveyance to her, loaned moneys to her husband, which the conveyance was designed to secure; or unless she incurred liabilities for him in consideration of such conveyance, both of which conditions are claimed by the defendants to exist in this case.
How, although the plaintiff has claimed specifically other relief, and seeks as a judgment creditor to reach the supposed interest of the judgment debtor in the *262 lands,.yet, he is entitled to such,a judgment as the law pronounces upon the facts pleaded and proved, whether specifically asked for or not (Eldridge v. Adams, 54 Barb. 417; Hale v. Omaha Bank, 49 N. Y. 636 ; Springer v. Dwyer, 50 N. Y. 19).
But it is claimed on the part of the defendants, that the conveyance to the defendant Mary Sheridan,- by Thomas J. Sheridan, was made to secure her for moneys loaned to, and liabilities assumed by the-wife for her husband. The evidence shows they were married in the year 1854, and that shortly after her marriage, she loaned her husband seven hundred dollars, and that from August, 1854, to February, 1864, she loaned in all the sum of four thousand six hundred and forty dollars ; of this money, a portion belonged to her before her marriage, the possession and control of which she maintained until she loaned it to her husband ; the remainder of the moneys she claims to have earned and saved in a millinery store and saloon kept by her subsequent to her marriage, with'which her husband had no concern, and in which lie had no interest.
The evidence is satisfactory with respect to her title and ownership of a considerable portion of these moneys, and of the loan .to her husband, and his promise t<? repay. But such as was the result of her savings- from the sale of milk and butter from cows which belonged to or were hired by her husband, is not so clear.
But yet, as the evidence is, that her husband had stated that such earnings received by her should, belong to her, her title to the same by gift may be upheld. The gift was followed by her actual receipt of the moneys, and their reduction to her actual use.
In July, 1873, the defendant caused to be conveyed to his wife certain premises on Eighty-second-street, in the city of Hew York, in payment of these loans made to him by his wife. The conveyance having been made *263 and received for such purposé, the indebtedness from her husband to her for all such loans was canceled. The honesty of that transaction is not brought in question in the pleadings, and cannot properly be made a subject of inquiry in the determination of this action. It must be assumed to be fair and valid.
But conceding it to be so, it disposes of the claim of any existing indebtedness from the husband to the wife, in March, 1873, the time of the execution and delivery of the assignment of the contract, and deed of the premises to Thomas J. Sheridan.
The testimony of Thomas J. Sheridan, on the subject, was as follows:
“ Q. Did he (Terence Sheridan) say to you why he wanted you to buy it (the contract) %
“A. Yes, sir.
“ Q. What did he say ?
“A. He said the party had got an illegal judgment against him.
“ <|. What else ? '
“ A. And that he wished,—that his wife had given him some money, and he wished to secure her.
“ Q. For that reason he wanted you to buy ?
“A. Yes, sir.”
And yet Mary Sheridan, the wife, testifies that the conveyance of the Eighty second-street property in July, 1872, was made in payment for the loans she had made her husband, the items of which she gave in evidence. It appears, however, by the evidence, that the plaintiff, with James Sweeny, his then partner, heretofore commenced an action to set aside the conveyance of the Eighty-second-street property to the defendant Mary Sheridan, and that said action was discontinued, upon the understanding that the defendant, Mary Sheridan, should execute and deliver to the plaintiffs in that action, a mortgage for the sum of three thousand eight hundred dollars, on the Eighty-second-street *264 property, to secure their claim, and that she made and delivered to them such mortgage.
But the evidence also shows that Mary Sheridan , agreed to execute such mortgage only on the condition that a conveyance should be made to her by Thomas J. Sheridan, of the premises described in the complaint, and herein sought to be reached. And that such conveyance was made to her by Thomas J. Sheridan to secure her on account of her charging her own premises with a mortgage for her husband’s debt.
Under such a state of facts, the defendant Mary Sheridan is entitled to be indemnified against such mortgage, and to have the same paid and satisfied out of the property so conveyed to her by Thomas J. Sheridan.
But the plaintiff is entitled to have the premises described in the complaint sold in pursuance of the judgment of this court, and the residue of the proceeds arising on such sale over and above the amount of the mortgage for three thousand eight hundred dollars on the Eighty-second-street property, to be applied to the satisfaction of the plaintiff’s judgment.
Thomas J. Sheridan was a necessary party to this action. His connection with the facts out of which the .cause of action arises renders his presence as a party proper.
Findings of fact and conclusions of law in accordance with the views herein expressed, to be prepared by the plaintiff’s attorney, and served on defendant’s attorney with a notice of settlement before me of five days.