Denio, J.,
 

 delivered the opinion of the court.
 

 I am of opinion that a creditor of a deceased person, whether by judgment or, simple contract, cannot, there being an executor or administrator appointed, maintain an action against a party in possession of, or claiming title to the assets of the debtor, to try the right to such assets. We have not been referred to any precedent for such an action, and I have been unable to find one. The executor or administrator is the party designated by the law to vindicate all such rights; and it would be incongruous to allow the creditor to pass him by, and bring an action directly against-a party whom he conceives to be accountable to the executor. The court of chancery, however, had, and the supreme court now has plenary jurisdiction over executors and administrators, and can, concurrently with a court of law, and with the surrogate in certain cases, take cognizance of the administration of' personal assets, of debts, legacies and distributions, and of the conduct of executors and administrators. (3
 
 Bl. Com.
 
 437; 1
 
 Story's Com. on Eq.
 
 § 453;
 
 Elmendorf v.
 
 Lansing,
 
 4 John.
 
 
 *232
 

 Ch. R.
 
 562.) !As an incident to this jurisdiction, the creditor may make a debtor of the deceased, or other party against whom the executor has a claim, a party defendant, where the executor is insolvent, or is acting in collusion with the debtor, and in some other special cases. The general rule, however, is, that a debtor of the estate cannot be made a party to the bill against the executor, as it would be taking the business out of the hands of the latter, and would lead to confusion in the administration of the estate.
 
 (Bowsher
 
 v. Watkins, 1
 
 Russ. & Myl.
 
 277;
 
 Gedge
 
 v.
 
 Traill, id. note; Utterson
 
 v.
 
 Mair,
 
 2
 
 Ves. jr.
 
 95;
 
 Long
 
 v.
 
 Majestre,
 
 1
 
 John. Ch. R.
 
 305.) Upon the statements of the complaint in this cause, the defendant Jordan is not strictly a debtor to the estate, but he occupies the position of a party who has fraudulently got possession of assets which he claims a right to appropriate to his own use. It was the duty of the defendant Graham to contest his title to those assets, and to take such proceedings as might be necessary to establish his right to them as administrator; and in the absence of any allegation to the contrary, it is to be presumed that he was ready and willing to do his duty. The rule which formerly prevailed, that the personal representatives of a deceased person could not impeach a transfer made by such person in his lifetime, on the ground that it was made with intent to defraud creditors, has' been abolished by statute; and the defendant Graham had therefore the same right to question the assignment, of the judgment which he would have had if it had been obtained by any other species of fraud or by duress, or in any other unlawful manner. (2
 
 R. S.
 
 469, § 17;
 
 Babcock
 
 v.
 
 Booth,
 
 2
 
 Hill,
 
 185.) One material question in this case, therefore, is, whether the complaint contains any sufficient allegations to justify the making of Jordan a party defendant. I think there is a sufficient statement that there were no other assets from which the plaintiff’s debt can be paid than the claim transferred to Jordan. It is shown that an execution against the intestate had been returned unsatisfied, that his real estate had all been sold on mortgages, and that he was insolvent at the time of his death.
 
 *233
 
 and that only a small amount of personal property, not sufficient to pay the plaintiff’s demand, had come to the hands of the administrators. It is not, however, alleged that the administrator is insolvent, or that he recognizes the title of Jordan, or is acting in any respect in collusion with him, or that he had been requested to challenge the assignment: nor is there any allegation showing the necessity of an injunction against Jordan, or that he had threatened to dispose of the demand assigned to him, or was himself irresponsible. If the complaint had been demurred to by Jordan for not stating facts sufficient to constitute a cause of action, I do not see how it could have been sustained.
 

 Hagan
 
 v. Walker, in the supreme court of the United States, • (14
 
 How. R.
 
 29,) has carried the right to join a fraudulent grantee of the deceased, as a defendant in a bill against the administrators, further than any prior case. There the alleged fraudulent grantee demurred to the bill, and although there was the same want of averments of insolvency and collusion on the part of the administrator which exists here, yet the complaint was sustained. The decision was placed in part upon the ground that there had been a delay on the part
 
 of the
 
 administrator of about two years, in taking proceedings to contest the title of the fraudulent grantee, and that it was doubtful whether the administrator could, without the concurrence of a creditor, disaffirm the conveyance of the intestate. These features do not exist in the case under review. But these were not the only or the principal grounds upon which the court placed its judgment. The opinion relies upon the circumstance that the administrator had likewise demurred to the bill, and had relied to support it on the statute of limitations; but the bill is sustained,
 
 “
 
 chiefly, because, (as the opinion states,) there is no danger of interfering with the due course of administration, or taking from administrators their proper control over suits for the recovery of assets, by holding that a creditor may file a bill against the administrator and the fraudulent grantee
 
 of
 
 the deceased debtor, to subject the property fraudulently conveyed to
 
 *234
 
 the payment of the debt.” Regarding the expressions which I have last quoted, as unsupported by the prior authorities, and not consistent with the rule as long since settled and constantly recognized, I should hesitate to act upon it in this case. But there is another circumstance here which will, I think, enable us to sustain this judgment. Graham, the administrator,’in his , answer denies that the assignment to Jordan was executed with any fraudulent intent whatever.' Had the complaint suggested that he maintained such views, it would have been beyond all just exception. ’ It is the main point in which I have supposed it to be defective. ' I am of Qpinion that it may now be supplied by amendment. By the one hundred and seventy-third section of the code, the court may, before or after judgment, in furtherance of justice, allow an amendment, “by inserting other allegations material to the case, or when the amendment' does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.”’ When, therefore, the defendant Jordan, at the commencement of the trial, took the objection under consideration, the court having before it the record, which showed that the administrator as well as Jordan was endeavoring to uphold the alleged fraudulent assignment, the court should, I think, have permitted or ordered an amendment of the complaint, to the effect that the administrator refused to regard the asignment as fraudulent, but concurred with the other defendant in seeking to uphold it. It has been shown that the supreme court of the United States, in the case referred to, took into consideration the mode • of defense pursued by the administrator, even where the question arose upon a demurrer interposed by the alleged fraudulent grantee. This case is much stronger; for here the grantee submitted to answer the complaint, reserving the objection until the trial, and when the trial took place the record demonstrated that both defendants were, relying upon the absence of fraud, and that both maintained the legal validity of the assignment.
 

 I am,' therefore, of opinion, that the judgment of the supreme court should be affirmed. Judgment affirmed.