**HENDERSON v. BROOKS** *et al.,* appellants.

*Creditor's suit — remedy at law must be exhausted. Judgment, transcript of, filed after debtor's death creates no lien. Fraudulent conveyance. Resulting trust.*

Plaintiff obtained judgment against E. in a justice's court upon which execution was issued and returned unsatisfied. E. died, after which plaintiff filed a transcript of the judgment with the county clerk. No execution was issued in the county court. The executor of E. admitted the claim, and on the accounting before the surrogate, a decree was made adjudging that there were no assets in the executor's hands to pay debts. Plaintiff then brought action against B. asking that certain lands which B. held, and which had been in part paid for with the avails of land claimed to have been conveyed by E. to B. in fraud of E.'s creditors, be declared to be held by B. in trust for

the creditors of E. and that the land be sold for the payment of plaintiff's debt and those of other creditors.

*Held*, (1) that execution not having been issued and returned unsatisfied in the county court, the remedy at law was not exhausted, and the action could not be maintained; (2) that the filing of the transcript in the county clerk's office after E.'s death did not render the judgment a lien on the real estate of E. and could not become the foundation of a creditor's suit; (3) that only the amount of money advanced by E. in fraud of creditors could be made a lien on the lands and recovered for the benefit of creditors; and (4) that the real estate purchased by B. would not, under the doctrine of resulting trusts, become the property of E.'s creditors.

APPEAL from a judgment entered upon the report of a referee

The action was brought by John Henderson against James S. Brooks and others, and was in the nature of a creditor's suit. The judgment determines that one William C. Erwin was at the time of his decease owner of a certain piece of real estate situate in the village of Albion, the title to which was in the defendant Brooks, conveyed to him to defraud the creditors of said Erwin, and that the plaintiff is entitled to have his judgment paid out of the same; that a receiver be appointed, and that the defendant Brooks convey the real estate to the receiver; that the receiver sell the said real estate, and out of the avails first pay the costs and expenses of the receivership, the judgment of the plaintiff with interest (it being $84.75, entered 13th of March, 1868), and the plaintiff's costs and disbursements to the amount of $201.34, and $50 to Hiram F. Goff as guardian *ad litem*, of the infant defendant Emma S. Le Duc, and that none of the other parties to this action have costs. The plaintiff's judgment was obtained before a justice of the peace, March 13, 1868.

William C. Erwin, the judgment debtor, died the 24th day of March, 1868, and a transcript of the judgment was docketed in Orleans county, August 3, 1871. The defendant Goff is the executor of William C. Erwin and Emma S. Le Duc, and James H. Erwin, his children and heirs. .

The complaint alleges that the executor, Hiram S. Goff, admitted the plaintiff's debt; and in his accounting before the surrogate, a decree was made adjudging that there were no assets remaining in his hands for the payment of debts.

It is further alleged that William C. Erwin left no real estate. The plaintiff demanded judgment that the defendant Brooks may be declared to hold the real estate in question *in trust* for the creditors of William C. Erwin, and that the same be sold for the pay-

ment of plaintiff's debt and other creditors, on whose behalf, as well as the plaintiff's, the action was brought; or that the said executor proceed to sell the real estate in question; and for general relief. The complaint also charges that the real estate was purchased of *the plaintiff* and others, and improved with the moneys of the said William C. Erwin in his life-time, and the title was taken in the name of Brooks to defraud creditors. The defendants Brooks and Goff appeared and put in a joint answer, denying the charges of fraud, and averring that Brooks paid his own money for the property.

It was admitted that no execution was ever issued on the plaintiff's judgment.

The evidence before the referee was confined chiefly to the state of the account between Brooks (the defendant) and Erwin and his wife, and their transactions together in relation to the property in question; and tended to show that Erwin transferred his property (not the property in question) to Brooks; and that the avails were invested by Brooks in the purchase of the property in question; that Brooks gave his own mortgage for part of the purchase price, a part of which is still due; and that the title to it was vested in Brooks with the design of protecting it from the creditors of Erwin. There was also evidence given tending to show that at the time Brooks purchased the real estate Erwin was owing debts, though the amount is not stated.

*George Bullard,* for appellant.

*John H. White,* for respondents.

MORGAN, J. I am of the opinion that this action cannot be sustained as a creditor's bill. An action in the nature of a creditor's bill cannot be sustained upon a judgment recovered in a justice's court, even after an execution has been issued by the justice and returned *nulla bona.*

To authorize the action the judgment should be docketed in the county court, and an execution issued against the real as well as the personal estate and returned unsatisfied. *Crippen* v. *Hudson,* 13 N. Y. 161. And the right of the judgment creditor to relief depends upon the fact of his having exhausted his legal remedies without avail. He must first have taken out an execution at law and

caused it to be levied or returned so as thereby to show a failure of his remedy at law. *Dunlevy* v. *Tallmadge*, 32 N. Y. 457, 460, WRIGHT, J.

The conditions of the statute authorizing such a suit must be complied with. *Beardsley Scythe Co.* v. *Foster*, 36 N. Y. 561.

In the case at bar the judgment debtor (Erwin) died in March, 1868, and the transcript of judgment was not filed in the county clerk's office until August, 1871. *After* Erwin's death the plaintiff could not acquire any lien on Erwin's real estate by docketing his judgment in the county clerk's office; nor could any execution issue upon it against property which Erwin owned in his life-time. It might, in the language of the statute, become a judgment of the county court (Code, § 63); but it could not become a lien from the time of the filing; nor in any other mode be used as the foundation for a creditor's bill. It was like any other debt, to be paid in due course of administration; and the executor of Erwin, in case of failure of assets to pay debts, might, under the statute, maintain an action against the defendant Brooks for the benefit of creditors, to disaffirm the transfer of Erwin's property to him, made in fraud of creditors, and recover the property or its value for the use of the creditors. Laws of 1858, chap. 314; 2 R. S. 449, § 17; *Babcock* v. *Booth*, 2 Hill, 181.

And as to the real estate which Henderson, the plaintiff, conveyed to Brooks, it is at least doubtful if he has made a case which would entitle him to allege fraud. It does not appear that he did not know at the time that the object was to vest the title in Brooks to protect it from Erwin's creditors. See *Phillips* v. *Wooster*, 36 N. Y. 412. If the executor refused in a proper case to bring the action, or was in collusion with the fraudulent assignee, the creditor himself might bring the action for that purpose, making the executor a party defendant. *Bate* v. *Graham*, 11 N. Y. 237.

In *Babcock* v. *Booth*, *supra*, the administrator sued for the conversion of a yoke of oxen by the defendant, fraudulently transferred to him by the intestate, and it was held the action would lie. And in *Bate* v. *Graham*, *supra*, it was held that an action might be brought by an executor or administrator of a deceased debtor, whose estate was insolvent, to impeach a sale of personal property in fraud of creditors, and recover the same of the fraudulent grantee. The judgment in *Bate* v. *Graham* declared the assignment void, and directed that the proceeds of the assigned property should be applied by the administrator to the payments of the debts of the deceased.

In the case at bar the evidence tended to prove that moneys and property of the deceased were invested in real estate purchased by the defendant Brooks in his own name ; and that the title was vested in Brooks to protect it from the claims of creditors. The amount paid and expended by the deceased to purchase and improve the property is not stated or ascertained by the judgment, but the evidence shows that Brooks gave a mortgage on the real estate purchased of Henderson, the plaintiff, for $4,00 ; that several thousand dollars were expended in buildings and improvements upon the two pieces of real estate described in the complaint; and that they are now worth over $6,000 ; and that the original cost was only $1,300. The defendant Brooks testified that he paid the purchase price, and paid for the improvements, and bought the property to make a home for his sister. She was the wife of Erwin ; she carried on the millinery business in the name of James S. Brooks, and until her death the accounts in bank were kept in his name. She, as well as her husband, deposited to Brooks' account. After Erwin's death, Brooks paid bills charged to Erwin for lumber and materials which were used in the building and repairs upon the property for over $1,000 ; and it would also seem from the evidence that Erwin only paid $87 on the $400 mortgage given by Brooks for part of the purchase price for the Henderson lot. If the amount advanced by Erwin in fraud of creditors can be ascertained and recovered for the benefit of the creditors of the estate, an accounting should be had ; and so far as it was invested in the real estate described in the complaint, the amount thus ascertained might, perhaps, be declared a lien on the real estate. The real estate purchased by Brooks would not, under the doctrines of *resulting trusts*, before the Revised Statutes, become the property of Erwin. This *trust* arose, if at all, at the instant of the purchase, and required that the whole consideration should be paid by the person claiming the land.

If part of the consideration is paid, the land was only chargeable in equity with the money advanced *pro tanto*. Any payment in advance of money *after* the purchase has been completed, would not raise a *resulting trust*. *Botsford* v. *Burr*, 2 Johns. Ch. 405 ; *Bogert* v. *Perry*, 17 Johns. 351. There is, therefore, no ground upon which Erwin could claim the whole beneficial interest in the land before the Revised Statutes, and *resultiny trusts* having been abolished in such a case, except as to creditors, they could not go beyond what the debtor has advanced toward the purchase price.

No trust results to creditors, under the statute, for money afterward paid by the debtor toward the improvement of the property.

But I see no reason why the executor could not recover for the benefit of creditors, whatever amount he could show had been fraudulently transferred to Brooks, either to purchase the property or to improve it. The judgment is erroneous so far as it determines that the real estate in question belonged to Erwin. It would not belong to him before the Revised Statutes, and clearly cannot be treated as his since the statute. Under the Revised Statutes relating to resulting trusts, Erwin took no interest whatever in the real estate. 1 R. S. 728; *Garfield* v. *Hatmaker*, 15 N. Y. 475. But the executor may doubtless trace the moneys of Erwin into the hands of Brooks, and if transferred to him in fraud of creditors, may recover them for the benefit of the creditors of the estate. I apprehend only so much could be recovered as would be necessary to pay the debts of the deceased. And we have no knowledge what those debts amount to. The plaintiff's judgment is less than $100, while the real estate is valued at over $6,000. If the case had been tried upon the theory of an action by the executor to subject to the payment of debts, property fraudulently transferred to the defendant Brooks, by the deceased, and if the findings had ascertained the amount or value, and the same had been charged as a lien on the real estate, we might, on the authority of *Bate* v. *Graham, supra,* affirm the judgment, although the complaint is defective and not properly framed to obtain such relief.

The judgment, however, seizes all the real estate, with the improvements, valued at $6,000, and directs the defendant Brooks to convey it to a receiver as the property of the deceased, while I am clearly of opinion that the defendant Brooks has an undoubted right to the real estate, charged only with the debts of the deceased. And the recovery should be limited to the moneys and property fraudulently transferred to the defendant by the deceased to purchase and improve the property. Whether, on a new trial, the plaintiff should be allowed to amend his complaint, or whether an amendment is necessary to enable him to recover, are questions I have not had time to consider.

There seems to be no reason for making Erwin's heirs parties in any aspect of the case.

The judgment should be reversed and a new trial granted, costs to abide the event.

*Judgment reversed and new trial granted.*