Rapallo, J.
When this action was commenced, the letters of administration granted to the defendant of the goods, chattels, etc., of Robert Haddow, deceased, were in full force, and the plaintiffs had no legal title to the property (consisting entirely of personalty) of which the intestate died possessed. The legal title to that property was vested in the defendant as administratrix. The plaintiffs, however, wrere interested in the preservation of the property, because unless required for the payment of debts of the deceased it would come to them as widow and next of kin in the due course of administration. The gravamen of their complaint was that the defendant had obtained letters of administration of the estate of the deceased, upon the allegation that she was his widow when she knew that at the time of her supposed marriage *325 with him he had a lawful wife living. That the plaintiff Mary Haddow was the real widow and entitled to the administration, and'that the defendant, having thus fraudulently obtained the possession of the personal property of the deceased, had invested part of it in improvements upon real estate belonging to her, and was wasting the residue. That the plaintiff Mary Haddow had instituted proceedings before the surrogate for the revocation of the letters granted to the defendant and for the granting of letters to herself, which proceedings were pending. That she claimed, among other things, that for that portion of the trust funds which the defendant had invested in the improvement of her real estate, a lien should be declared upon such real estate, and the means of enforcing it provided, by a receivership, etc.
Pending this action, and after issue joined therein, the proceedings before the surrogate were concluded and resulted in the revocation of the letters which had been granted to the defendant and in the granting of letters of administration to the plaintiff Mary Haddow. She thereupon became entitled to the possession of all the personal property left by the deceased, and to all remedies provided by law or equity for its recovery.
This subsequently acquired title was not set up by her by supplemental complaint, but was set up by the defendant by supplemental answer, and the defendant claims that it so changed the rights of the parties that the plaintiffs had no longer any right to maintain the action in their individual capacity.
The referee, by whom the issues were tried and determined, decided the case upon the same principles as if the action had been originally brought by the plaintiff Mary Haddow, as administratrix, and decided that the plaintiff Mary Haddow, as administratrix, was entitled to a judgment, establishing and enforcing a lien upon the real estate of the defendant for so much of the funds of the estate as she had invested in such real estate and to a money judgment for the residue.
Passing for the moment the exceptions taken upon minor *326 points, the main questions in the case are: First, whether when the action was originally brought there was a good cause of action; and, secondly, whether the subsequently acquired right of the plaintiff Mary Haddow, as administratrix, to different relief from that to which she was entitled when she brought her action could be enforced in the same action. If the action was originally brought without any cause it could not be sustained by showing that a cause of action subsequently arose. But if originally well founded the second question must be considered.
The learned counsel for the plaintiffs claims that the action was originally properly brought, on two grounds : First, that irrespective of-the question whether or not the defendant had been rightfully appointed administratrix, the Supreme Court, by virtue of its equity jurisdiction, had power to compel her, as administratrix, to account to the parties entitled, and that the power given by statute to the surrogate to compel such accounting was not exclusive but concurrent with that of the Supreme Court. Secondly that, although the plaintiffs were not at the time of the commencement of the action entitled to the possession or control of the estate of the deceased they had a sufficient interest therein as before stated to intervene for its protection pending the proceedings before the surrogate for the revocation of the letters of administration which the defendant had fraudulently obtained.
These positions are sustained by the authorities cited by the counsel for the respondents, and lead us to the conclusion that the action as originally brought was maintainable and was the proper remedy, the circumstances of the case being such as to require relief of a nature which could not be obtained in the Surrogate’s Court. The trust fund, or a part of it having been invested in real estate and the plaintiffs seeking to establish a lien thereon, it was necessary to proceed in a court having power to adjudge such a lien, which could not have been done by the Surrogate’s Court. It was also necessary to protect that lien from being defeated by a conveyance of the property to a tona fide purchaser, which *327 could only be done by a proceeding in equity and an injunction or a notice of lis pendens under the statute.
The court having thus obtained possession of the cause, the second question arises, viz.: Could the subsequently acquired title of the plaintiff Mary Haddow, as administratrix, be asserted by supplemental complaint or otherwise, in the same action, and made the foundation of relief different from that to which the plaintiffs were entitled at the time of the bringing of the action ?
According to the practice of the Court of Chancery, a supplemental bill might be brought, not only to insist upon the relief already prayed for in the original bill, but upon other relief different from that which was prayed for by the original bill, where facts which had since occurred might require'it. But the general rule was that the new matter must be such as did not change the rights or interests of the parties before the court. (Story’s Eq. PL, § 336.) And that to entitle the plaintiff to file a supplemental bill and thereby obtain the benefit of the former proceedings, it must be in respect to the same title in the same person as stated in the original bill. (Sec. 339.) Where the plaintiff had no title when the bill was filed, he could not set up by way of supplement a title subsequently acquired by purchase from another. (Coop. Eq., 43 ; Tonkin v. Lethbridge.)
But, under the special circumstances of this case, we think there is a sufficient connection between the claim set up in the complaint and the title subsequently acquired by the plaintiff Mary Haddow, as administratrix, to justify the setting up of that title in the same action. The complaint showed that she was, from the beginning, entitled to the administration, and had instituted proceedings for the revocation of the letters granted to the defendant. When the action was brought she was entitled only to an account, and to have the property protected until she could obtain the administration and the lien upon defendant’s real estate established. To require her, on her succeeding in attaining the administration, to abandon her existing suit and commence de novo, thus losing not only *328 the benefit of the prexdous proceedings, but also the protection of the lis pendens, which would preserve the lien against any purchaser to whom the defendant might convey the property, would seem unreasonable. There is precedent for allowing a plaintiff who brought the action in her own right, to avail herself of letters of administration subsequently obtained. In Humphreys v. Humphreys (3 Peere Wms., 349), the complainant Helen, together with her husband, filed a bill against the second husband of her mother for an account of the personal estate of her deceased father, the executor and executrix of her will being both dead, and no administration having-been granted to any one, but the complainant Helen claiming that she was entitled to administration. The chancellor held that the bill could not be sustained, for the reason that no account could be taken unless an executor or administrator of the deceased was a party to.the bill. The complainant Helen afterward took out letters of administration and charged the same by way of amendment to the bill. The defendant pleaded that the bill xvas filed before the administration taken out, but the Lord Chancellor (Talbot) overruled the plea, observing that the mere right to have an account was in the plaintiff Helen, as she was next of kin, and it was snificient that she had now taken out administration, which, when granted, related to the time of the death of the intestate, and that the taking out of the letters might be charged either by way of supplement or amendment.
In this case there xvas no amendment or supplemental complaint, but the defendant put in a supplemental answer setting up the letters of administration, and the fact thus appeared upon the record. We think the case falls within the principle of Bate v. Graham, (11 N. Y., 237), and Pratt v. H. R. R. Co. (21 id., 313, 314), where it was held that when the complaint omitted to aver a necessary fact, which fact appeared from the answer, the defect might be supplied by amendment even after appeal to this court.
In view of the circumstances of this case, we are of opinion that the claim of the plaintiff Mary Haddow, as administra *329 trix, was not such a departure from the original cause of action as to preclude the court below from adjudicating upon it. The fact that other parties were joined with her, having no such right, did not render a judgment in her favor irregular. (Ackley v. Tarbox, 31 N. Y., 564: Palmer v. Davis, 28 id., 242.)
A portion of the money belonging to the estate was clearly traced into the building erected by the defendant upon her land. Although she had also invested money of her own in the same building, the trust fund could, on familiar principles of equity, be followed and an equitable lien therefor adjudged and enforced by any appropriate remedy.
I will now notice some of the objections raised on the part of the defendant which have not been before answered. She claims that her sureties, as administratrix, being solvent, the plaintiffs had an adequate remedy ,at law and were not entitled to proceed in equity against her. This objection cannot be sustained. The plaintiff had the right to proceed in equity to follow the trust fund. It is no answer to their claim that they might have proceeded against third parties who were mere sureties for the delinquent trustee.
To the objection that adequate relief might have been obtained in the proceeding before the surrogate, it is a sufficient answer that he had no power to follow the fund into the real estate, or to protect the equitable lion therefor against a conveyance by the defendant, during the pendency of the proceedings. The most he could do was to enjoin the defendant from further acting as administratrix, but it is apparent that this would have been a very inadequate remedy.
Among the assets of the deceased was a gold watch which the defendant admitted to be still in her possession. The referee directed that this watch be delivered to the receiver to be sold, the effect of which direction was to subject it to commissions and expenses of the receiver. This was erroneous. The plaintiff Mary Haddow was entitled, as administratrix, to its possession and disposition, and it should have been directed to be delivered to her. But it is difficult to *330 perceive how any right of the defendant was affected by this error. The loss to the estate arising from the additional expenses thus created would fall upon the plaintiffs, 'and would not, in any manner, increase the liability of the defendant, who is the only appellant.
The defendant further objects to the appointment óf a receiver to sell her real estate to pay the equitable lien thereon. This was an appropriate, although not perhaps the best, way of enforcing the lien, and was not error for which the judgment should be reversed.
To the objection that no direction is given as to the application of the surplus, it is sufficient to answer, that under the general rules of practice the surplus moneys should be brought into court, and may be applied for by those entitled.
An exception was taken to the admission in evidence of the minutes of the surrogate, at the cross-examination of the defendant, had before him on the proceedings for the revocation of the letters of administration. He testified that he kept the minutes and endeavored to keep them accurately, and believed that he had done so, and had no distinct recollection of what she testified to independent of his minutes. The defendant objected to their admission on the grounds : First, that the statute required that the testimony in such cases should be made matter' of record and that the record should be produced; and, secondly, that the witness should remember that the defendant testified as written, to render such testimony admissible.
The second ground of objection is not insisted upon here. It is disposed of by prior adjudications of this court. The first is, however, contended for in the appellant’s points. The provision of the statute is (2 B. S., 80, § 57), that the testimony in such cases shall be reduced to wilting and shall be entered by the surrogate in a proper book to be provided, and preserved as a part of the books of his office. The statute does not even say that this book shall be evidence, and if it did, the original from which the entry was made would be higher evidence. It is merely directory, and it does not even *331 appear from the case that the original minutes offered were not contained in a book. We think there is no substance in this exception.
We find no sufficient ground for reversing the judgment, and it must therefore be affirmed, with costs.
All concur.
Judgment affirmed.