## CLEMONS v. DAVIS.

*Amendment — allowing allegation of special damages — on trial — on appeal.*

Special damages do not constitute a distinct cause of action, and where they are not alleged in the complaint, but the failure to allege does not mislead the defendant, an amendment allowing such allegation should be granted upon motion at the trial to meet evidence there offered by plaintiff. And if an amendment is not made at the trial the appellate court can consider the complaint so amended in furtherance of justice under Code, § 173.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial.

The action was brought by Franklin C. Clemons against Washington Davis to recover damages for false imprisonment. Plaintiff was an itinerant vendor of medicine, and called at defendant's house in Ithaca to sell his goods. While there, defendant, believing him to answer the description of a person who had absconded from a county in Michigan with the county funds, and for whose arrest a reward was offered, together with his son arrested him and took him through the public streets to a justice of the peace, where defendant swore out a warrant, under which plaintiff was kept in custody a short time. It was satisfactorily established that plaintiff was not the man defendant believed him to be.

Upon the trial evidence was given tending to show that, in consequence of the arrest, plaintiff's business decreased. There was no allegation of special damages in the complaint. Defendant objected to this evidence as irrelevant, but not on the ground that it could not be admitted under the pleadings.

*J. L. Baker*, for appellant. Special damages must be pleaded. *Squier* v. *Gould*, 14 Wend. 159; Sedg. on Dam. 575, 577; *Solms* v. *Lias*, 16 Abb. 311; *Baldwin* v. *Western R. R. Co.* 4 Gray, 333; *Adams* v. *Barry*, 10 id. 361; *O'Leary* v. *Rowan*, 31 Mo. 117; *Donnell* v. *Jones*, 13 Ala. (N. S.) 490; *Fuller* v. *Bowker*, 11 Mich. 204; *DeForest* v. *Leete*, 16 Johns. 122; Chitty on Pl. 428; *Brizsee* v. *Maybee*, 21 Wend. 144; *Fagen* v. *Davison*, 2 Duer, 153; *Kendall* v. *Stone*, 5 N. Y. 14; 2 Greenl. on Ev., § 254.

*King & Montgomery*, for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. The exception as to the admission of evidence of loss of business does not seem to me sufficient to require us to grant a new trial.

Special damages do not constitute a distinct cause of action. They only tend to increase the recovery. The reason why they should be alleged is that the defendant may not be misled. As they do not constitute a new cause of action, the court might have permitted plaintiff to amend the complaint on the trial (Code, § 173), and would have done so, undoubtedly, on motion, unless the defendant had proved that he was surprised; just as was done in

*Miller* v. *Garling,* 12 How. 203. Amendments should be allowed freely. *Vanness* v. *Bush,* 14 Abb. 33, and similar cases.

The appellate court may treat the pleadings as having been amended at the circuit. *Bowdoin* v. *Colman,* 6 Duer, 183; *Bate* v. *Graham,* 11 N. Y. 237. We ought to do this, unless we see that injury resulted from the admission of the evidence. But it will be seen that no allusion was made to this evidence as an item of damages in the judge's charge. It seems to me to be a "furtherance of justice" to amend the complaint or consider it amended. Code, § 173.

It is a furtherance of justice because it is not probable that the evidence had any effect on the verdict. And the evidence was competent and proper *in its nature.*

It might perhaps be said that the objection was not properly taken. The evidence was objected to as "irrelevant." It was not *irrelevant* evidence. It was only inadmissible, because not alleged in the complaint. This objection should have been clearly stated.

The judgment should be affirmed.

JAMES, J., dissented.

*Judgment affirmed.*