JOHN RANDEL, RESPONDENT, *v.* ARTHUR DYETT AND ABRA-
HAM R. L. NORTON, APPELLANTS, IMPLEADED WITH
WILLIAM H. RANDEL.

*Action to recover assets wrongfully converted by an administrator — when it may be brought by one of the heirs-at-law.*

The complaint in this action alleged that the plaintiff was one of the seven heirs-at-law of one Jonah B. Randel, deceased, who died intestate in March, 1879; that letters of administration upon his estate were issued to the defendant William H. Randel, who duly qualified and entered upon the discharge of the duties of his office; that the said administrator assigned assets of the estate, which had come into his hands as administrator, to the defendants, stockbrokers, as a margin for the purchase and sale of stock for his own individual account, the said brokers having full knowledge of the character of the security assigned, and that it did not belong to Randel individually; that the plaintiff had demanded of Randel that, as such administrator, he should cause an action to be brought against the brokers for the recovery of the security, or its value, and that the administrator refused and neglected to bring such an action.

*Held,* that the plaintiff, as one of the heirs-at-law of the deceased, could maintain the action.

APPEAL from an interlocutory judgment, entered upon orders overruling demurrers interposed to the complaint upon the grounds that the plaintiff had not legal capacity to sue, that the court had not jurisdiction of the subject of the action, and that the complaint did not state facts sufficient to constitute a cause of action.

The complaint alleges in substance that the defendants Dyett and Norton were stock brokers, doing business under the firm name of A. Dyett & Co.

That the defendant William H. Randel is the administrator of the estate of one Jonah B. Randel, who died on the 17th of March, 1879, intestate, leaving as his only heirs-at-law seven children, among them the plaintiff and the defendant, William H. Randel.

That the plaintiff " is interested in the said estate as one of said heirs-at-law."

That the letters of administration were issued to William H. Randel about the 17th of June, 1879, and that he duly qualified and entered upon the discharge of his duties.

That there came into his hands as such administrator a certificate

of indebtedness of the city of Brooklyn of the value of $2,729.92, a copy of which certificate appears in the complaint.

The complaint further alleges upon information and belief, that the said William H. Randel entered into an agreement with A. Dyett & Co., by which the said certificate was received by them as a margin for the purchase and sale of stocks for the individual account of said William H. Randel; and that with full knowledge of the character of such certificate and that the certificate was not the property of William H. Randel individually, but was held in trust by him as the administrator of the estate of Jonah B. Randel, the said A. Dyett & Co., "did wrongfully, unlawfully and in fraud of said estate and of the rights of this plaintiff as one of said heirs-at-law, and the other beneficiaries of said estate, convert the same to their own use."

That on or about the 20th of March, 1884, the plaintiff as one of said heirs-at-law demanded of said William H. Randel that as such administrator he cause suit to be brought against Dyett & Co., for the recovery of said certificate, or the value thereof; and that should he fail or neglect to bring such suit, then the plaintiff in his own name and right as one of the said heirs-at-law and of the other beneficiaries of the estate would bring said suit.

That the said defendant Randel, while admitting to the plaintiff his wrongful transfer and delivery of said certificate to said A. Dyett & Co., utterly failed, neglected and refused to bring such suit.

The complaint demands judgment that Dyett & Co. may be directed to deliver over said certificate to William H. Randel as administrator for the benefit of the plaintiff as one of said heirs, and the other beneficiaries of the said estate, or in default thereof, be directed to pay to said administrator the sum of $2,729.92, with interest.

*Delos McCurdy*, for the appellants.

*John L. Hill*, for the respondent.

BARNARD, P. J.:

There is no doubt but that a right of action exists somewhere to remedy the admitted wrong by the defendants Dyett and Norton to the estate of Jonah B. Randall. All cases agree that if a vendee

takes a title to the goods of a deceased person from his executor or administrator, he takes a good title unless there be fraud or covin.

In this case Dyett and Norton took an assignment of the assets of the deceased from his administrator, to be used as a mortgage on stock purchases for the individual benefit of the administrator. The purchaser of the stocks lost, as is usual, the property of the estate, and the broker claimed to keep the assigned property. They cannot defend their title against the estate, having taken the property with full knowledge that it was the property of the deceased Jonah B. Randall. So far the case needs no authority and requires no discussion. The person, however, who represents the estate will not defend it. He will not bring an action to set aside the transfer made by himself under these circumstances.

To meet this state of facts it is an acknowledged principle in our law that when a person whose duty it is to act refuses, a party injured by the refusal may act in behalf of the injured estate. Thus a stockholder may sue in behalf of a corporation when the receiver refuses. A guardian may be sued to set aside a transfer made by him in connection with the fraudulent purchase by an interested party. (*Field* v. *Schieffelin*, 7 Johns. Ch., 150.)

So in *Colt* v. *Lasnier* (9 Cowen, 320), it is held that persons beneficially interested may sue without being substituted to the position of a representative of the estate and simply by reason of their interest in the fund. Again, the same principle is reasserted in *Sacia* v. *Berthoud* (17 Barb., 15), where a transfer by an insolvent executor was set aside at the instance of those who were beneficially interested and who were injured by the transfer. The action did not depend on the insolvency of the executor but on the illegal transfer.

In *Bate* v. *Graham* (11 N. Y., 237), the Court of Appeals held that a creditor of a deceased person could maintain a bill to set aside a fraudulent transfer made by the deceased, in his lifetime.

The claim that the action cannot be maintained under all these authorities except by a creditor or legatee, is not a well drawn conclusion from the cases. The action depends upon the injury to the beneficial interest and upon the refusal of those legally charged with the defense of the fund to do so. It may be that a creditor

or legatee who would be paid out of other assets should not bring his action.

An heir-at-law is surely injured by a fraudulent transfer. It should not be permitted that a fraudulent vendee could escape the action of an heir unless he proved that the fund was sufficient to pay all debts, legacies and expenses. The heir has the right to have his father's property applied as directed by statute.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.