JOSEPH S. COHU, Respondent, *v.* JOSEPH HUSSON, Appellant.

*N. Y. Court of Appeals, June 4,* 1889.

Affirming 14 Daly, 200.

1. *Complaint on note.*—A complaint which simply alleges that the plaintiffs are the lawful owners and holders of the note sued on, and sets forth a copy thereof, but fails to allege that it was executed by the defendant, or that any sum whatever is due thereon to plaintiffs, is not a compliance with section 534 of the Code.

2. *Waiver.*—Even though the complaint would have been held defective if demurred to, such defect is cured by an answer, admitting the execution of the note, and omitting to allege payment; and the complaint, on trial and appeal, may be deemed amended.

3. *Allegation of jurisdiction.*—An allegation in the complaint that letters of administration were duly issued and granted to the plaintiffs by the surrogate appointing them administrators of all the goods, chattels and credits of the deceased, and that they duly qualified as such, and entered upon the duties of their office, will be held sufficient as against an extremely technical objection taken for the first time at the trial.

4. *Exchange Notes.*—Notes exchanged at their date by the parties for their mutual accommodation, rest upon a sufficient consideration; and where plaintiff does not use defendant's note, and defendant uses and has the benefit of, but does not pay, plaintiff's note, the latter is entitled to recover upon the note given to him by defendant.

5. *Presumption.*—The silence of a party, who, when called up to pay a large claim, admits his liability and omits to mention any counter-claim, is an express admission, and some evidence that any claim subsequently presented, is not a valid claim.

6. *Evidence.*—The admission of incompetent evidence, which is entirely harmless to the appellant, is no ground for reversal.

Appeal from a judgment of the general term of the New York common pleas, affirming a judgment entered upon a verdict.

*Edward P. Wilder*, for appellant.

*Abram King*, for respondents.

EARL, J.—This motion was brought to recover upon a promissory note, of which the following is a copy:

" $750.00.                    NEW YORK, *December* 11, 1878.

" Five months after date I promise to pay to the order of Mr. Henry S. Cohu, seven hundred and fifty dollars, at the Brooklyn Bank, in the city of Brooklyn, value received.
" NEW YORK, *November* 14, 1879.
                                   " JOSEPH HUSSON."

The defendant, in his answer, did not deny any of the allegations of the complaint, but alleged, for a first defense, that the note set up in the complaint had no legal inception; that it was given to plaintiff's intestate for his accommodation, in exchange for a note of the same tenor given by him to the defendant, which note had not been paid by him, or by the plaintiffs as his executors, and that they did not hold the same.

For a second defense, the defendant alleged that the intestate made his promissory note, of which the following is a copy:

                              "NEW YORK, *August* 11, 1879.

" Two months after date I promise to pay to the order of Joseph Husson, seven hundred and fifty dollars, at value received.
                                   " HENRY S. COHU."

And that he delivered the same, for value, to the defendant, who has ever since been the owner and holder thereof, and that the same has never been paid.

In their reply, the plaintiffs denied that the note set forth in the answer, had any legal inception; and alleged that it was one of a series of notes given by the intestate to the defendant without consideration, and purely for his accommodation.

At the opening of the case upon the trial, defendant's counsel moved to dismiss the complaint upon the ground

that it did not, upcn its face, set forth facts sufficient to constitute a cause of action. The motion was denied and the defendant excepted.

It is true that the complaint is not in compliance with section 534 of the Code, as it does not state that there is due to the plaintiffs on the note from the defendant a specified sum which they claim. They simply allege that they are the lawful owners and holders of the note, and set it out. They do not allege that it was executed by the defendant, nor do they allege that any sum whatever is due thereon to them. But this defect in the complaint is cured by the answer, in which the execution of the note by the defendant is admitted, and there is no allegation that it has been paid. Therefore, even if the complaint would have been held defective if demurred to, the defect was cured by the answer, and the complaint may now be deemed amended. Code, sections 721, 722, 723; Bate *v.* Graham, 11 N. Y. 237; Pratt *v.* Hudson River R. R. Co., 21 Id. 305; Haddow *v.* Lundy, 59 Id. 328.

It was also claimed that the complaint was defective because it did not allege facts showing that the surrogate of New York county, by whom plaintiffs were appointed administrators, had jurisdiction to appoint them. But the allegation in the complaint is that the letters of administration were duly issued and granted to the plaintiffs by the surrogate appointing them administrators of all the goods, chattels and credits of the deceased, and that they duly qualified as such, and entered upon the duties of their office. These allegations must be held sufficient as against an extremely technical objection taken for the first time at the trial.

Upon the trial it was substantially undisputed that the plaintiffs were entitled to recover upon the note set forth in the complaint. They held that note, and it was also proved that they held a note signed by their intestate, payable to defendants' order, of the same date, for the same

amount, payable at the same time and the same place, which had on it the indorsement of the defendant, and other indorsements, showing that it had been discounted and used.

The evidence showed that these notes were at their date exchanged by the parties for their mutual accommodation; and it appeared that Cohu did not use the note given to him, and that the defendant did use and have the benefit of Cohu's note, but that he did not pay the same. So it is clear that these plaintiffs were entitled to recover upon the note set forth in the complaint.

The defendant proved the note set up as a counterclaim, dated August 11, 1879, and also that, at the date of that note he gave to Cohu a note payable to his order precisely like it, and he produced that note with Cohu's indorsement and other indorsements thereon, showing that it had been discounted and used. It thus appeared that the defendant held Cohu's note for $750, and his own note which had been given in exchange therefor, for the same amount, and he was entitled to the presumption that he had paid and taken up the latter note. Therefore, by the evidence, to which attention has thus far been called, standing alone, the defendant established his counterclaim and would have been entitled to the allowance of the same. But the plaintiffs gave some evidence which, we think, legitimately tends to destroy the effect of the evidence given on the part of the defendant and of the inferences to be drawn from the fact that he was the holder of both notes. Some time after the death of the intestate there was found in the possession of one Ripley, three notes, the principal of which amounted to $2,200, marked exhibits " C," " D " and " E," made by Cohu for the accommodation of the defendant. The evidence shows that these notes were discounted by Ripley for the defendant, and that he had the proceeds of them.

It also appear that during his lifetime Cohu paid about $1,700 upon these notes, and that after his death the plaintiffs paid Ripley the balance and took up the notes and held

them.   One of the notes is the note given by Cohu to the defendant in exchange for his note set up in the complaint. One of  the plaintiffs called upon the defendant to pay these three notes, and the evidence tends to show that he admitted his liability to pay them, that he had used them, had had the proceeds of them and had not paid them.   But in his interviews with the witness he at no time made the claim that Cohu owned him anything, or that he held any notes against Cohu which the administrators were bound to pay, or which would be an offset to the claim made by them.

Silence, when one ought to speak, is frequently as significant as an express admission.   Greenleaf on Ev., § 197. We think that evidence goes very far to show that he did not hold the note set up in his counterclaim as a substantial claim against the estate of Cohu.   If he had, it cannot be well doubted that he would have mentioned it and asserted his claim upon it.   It is against common experience and the common practice of men that when one is called upon to pay $2,200 and upwards, he should omit to mention a counterclaim which he holds for $750, and upwards; and the jury had the right to take into account this silence on his part, in considering the validity of the claim he made upon the note set up in his answer.   The interviews by the witness with him, therefore, must be held to furnish some evidence that that note was not a valid claim against the estate, and their finding concludes us.

There was no claim upon the trial that there was any indebtedness from Cohu to the defendant, or from the defendant to Cohu, except such as might grow out of the exchange of notes.   The proof tended to show that they were extensively engaged in exchanging notes for their mutual accommodation, and there was no dispute about that.   The only real controversy upon the trial was whether the defendant was entitled to recover upon his counterclaim; and his claim was that because he produced a note make by Cohu presumably in exchange for the note set up in his counter-

claim, which he had paid and taken up, and which he held,
therefore there was evidence that Cohu had used his note
and had not paid the same, and hence became liable upon
his own note.

There were many exception to rulings upon questions of
evidence upon the trial, but we do not perceive that any of
them had any real bearing upon the questions litigated.
It matters not that some notes were by the trial judge re-
ceived and other rejected. The numerous notes were re-
ceived in evidence only to show the course of dealings be-
tween the parties in the exchange of notes, and about that
there was really no dispute.

There is one exception upon which the defendant relies
with considerable confidence, which should be particularly
noticed. As before stated, there were three notes, at the
death of the intestate, marked " C," " D " and "E," in the
possession of Ripley, all made by Cohu. " C " is the note
exchanged for the note set up in the complaint, and, upon
the trial, was several times mistakenly referred to as the
note in suit. It was a mistake, however, which harmed no
one. One of the administrators, while upon the stand, was
asked " what became of the other two notes ' D ' and ' E '
which are mentioned in this inventory," meaning the inven-
tory of the estate. This was objected to by defendant's
counsel as irrelevant. The objection was overruled. The
witness then answered: " Upon one of them suit was
brought and judgment recovered, about four weeks ago, and
the money was paid upon it.. The other one is in suit, and
the third one is here." Defendant's counsel then moved
to strike out the testimony of the witness, to the effect that
suit had been brought upon one of the notes, etc., as in-
competent and irrelevant. The motion was denied and de-
fendant excepted. The evidence thus received was entirely
harmless to the defendant. It had no bearing whatever
upon the issue as to the defendant's counterclaim, and there
was no dispute, upon this trial, whatever, about the defend-

ant's liability to pay the note upon which he had been sued. He admitted that he had received the notes " C," "D" and " E " from Cohn, and had had the benefit of them and had not paid them, except as he paid the one mentioned in the evidence, upon which he had been sued. He was liable to pay it, and the fact that he had been sued upon it, and had paid it, was wholly unimportant upon any issue in the case, and we do not see how it could have prejudiced him. Upon the whole case, therefore, while there is much confusion in the record, and the evidence to defeat the defendant's counterclaim was quite sight and inconclusive, yet we are constrained to think that the judgment should be affirmed, with costs.

All concur.